UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-81180-CIV-MARRA/MATTHEWMAN

UNITEDHEALTHCARE OF FLORIDA, INC.
and ALL SAVERS INSURANCE COMPANY,

Plaintiffs,

vs.

AMERICAN RENAL ASSOCIATES HOLDINGS,
INC., and AMERICAN RENAL ASSOCIATES LLC,

Defendants.
_____/

**ORDER**

This cause is before the Court upon Plaintiffs' Motion for Leave to File a Second Amended Complaint and Motion to Modify the Scheduling Order's Deadline to Amend the Pleadings and Add Parties (DE 94).  The Motion is fully briefed and ripe for review.  The Court has carefully considered the Motion and is otherwise fully advised in the premises.

Plaintiffs move to amend their complaint upon discovering, on December 28, 2016, that employees of one of Defendants' subsidiaries, American Renal Management, LLC ("ARM"), was involved in the misconduct alleged in the operative complaint.  Plaintiffs also wish to rely upon recent information unearthed by government agencies and journalists regarding the financial relationship between dialysis providers and the American Kidney Fund ("AKF"). Hence, the proposed complaint would add a new defendant and supplement existing allegations regarding AKF's relationships with dialysis providers.

Defendants oppose this relief, claiming that Plaintiffs unreasonably delayed in naming the new defendant and by refusing to sue the dialysis clinics instead of Defendants. Defendants

also contend that leave would be futile given that the new allegations are irrelevant and Defendants would suffer undue prejudice if leave to amend is granted.

Rule 15(a) of the Federal Rules of Civil Procedures provides that a party may amend the party's pleading by "the opposing party's written consent or the court's leave" and that leave should be freely given "when justice so requires."  In construing Rule 15(a), the Supreme Court has held that:

> In the absence of any apparent or declared reason–such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962).

Here, the Court finds that Plaintiffs have met the liberal pleading standard of Rule 15(a). The Court reject Defendants' argument that there was undue delay.  Based on the discovery provided on December 28, 2016, Plaintiffs timely sought to add ARM as a defendant on January 17, 2016,[1] less than a month after learning of this information.  Furthermore, the Court finds unpersuasive Defendants' argument that the proper parties to this case are the dialysis clinics, not the named Defendants.  The theory advanced by Plaintiffs is that Defendants engaged in an unlawful business strategy carried out by the named corporate Defendants.  Even if the Court were to deny the request to add ARM to this lawsuit, it would not change the fact that Plaintiffs have chosen to proceed with this theory against the corporate Defendants, not the individual clinics.

---

[1] This date is the deadline to add new parties by virtue of the Court's Scheduling Order (DE 36).

Nor does the Court find the proposed amendments irrelevant. These amendments pertain to the role of the AKF within the dialysis industry, which is central to Plaintiffs' claims. Equally unpersuasive is Defendants' contention that amendment will cause them to suffer undue prejudice because Plaintiffs seek to circumvent Rule 9(b), which counsels against expansive discovery on fraud claims until resolution of motions to dismiss. The Court previously rejected this argument when it denied Defendants' motion to stay (DE 63) and it is no more persuasive now.

For this reasons, the Court will permit Plaintiffs to file their second amended complaint. The Court will, however, reject Plaintiffs' request to extend the current deadline for amendment and to add parties to May 31, 2017, as it would needlessly delay a case filed in July of 2016. Indeed, Plaintiffs were required to investigate their case prior to filing the initial complaint. In any event, this will not preclude Plaintiffs from seeking leave to amend, although they will no longer be held to the more liberal standard of Rule 15.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1) Plaintiffs' Motion for Leave to File a Second Amended Complaint and Motion to Modify the Scheduling Order's Deadline to Amend the Pleadings and Add Parties (DE 94) is **GRANTED IN PART AND DENIED IN PART**. Plaintiffs are granted leave to amend the complaint. The motion to modify the scheduling order is denied.

2) Defendant's Motion to Dismiss (DE 41) is **DENIED AS MOOT** without prejudice to Defendant reasserting these arguments with respect to the amended

pleading.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 12th day of March, 2017.

_____
KENNETH A. MARRA
United States District Judge