UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:16–cv–81180–KAM

UNITEDHEALTHCARE OF FLORIDA, INC.
and ALL SAVERS INSURANCE COMPANY,

    Plaintiffs,

v.

AMERICAN RENAL ASSOCIATES, LLC and
AMERICAN RENAL MANAGEMENT LLC,

    Defendants.

_____/

JURY TRIAL DEMANDED

*Filed Under Seal – Redacted
Version Filed Via ECF*

**PLAINTIFFS' MOTION TO COMPEL DEFENDANTS TO ANSWER
INTERROGATORIES AND PRODUCE DOCUMENTS,
AND MODIFY STIPULATED PROTECTIVE ORDER**

Plaintiffs UnitedHealthcare of Florida, Inc. and All Savers Insurance Company (collectively, "Plaintiffs") respectfully move to compel Defendants American Renal Associates LLC and American Renal Management LLC (collectively, "ARA") to answer discovery relating to the reasons two ARA executives left the company, and to modify the Protective Order to allow information in this litigation to be used in a subpoena dispute with the American Kidney Fund ("AKF") in related proceedings in the District of Maryland.

## LEGAL STANDARD

"It is well established that the Federal Rules of Civil Procedure strongly favor full discovery whenever possible." *Adelman v. Boy Scouts of Am.*, 276 F.R.D. 681, 688 (S.D. Fla. 2011). "Federal Rule of Civil Procedure 26(b)—which governs the scope of discovery—provides, in pertinent part, that '[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case …. Information within this scope of discovery need not be admissible in evidence to be discoverable.'" *Rance v. Bradshaw*, Civil No. 15-cv-81210-MARRA/MATTHEWMAN, 2016 U.S. Dist. LEXIS 129579, at *3-4 (S.D. Fla. Sept. 14, 2016) (quoting Fed. R. Civ. P. 26(b)(1)). "Courts have long held that relevance for discovery purposes is much broader than relevance for trial purposes." *Klaschus v. Home Depot USA, Inc.*, Case No. 14–80423–CIV-MARRA/MATTHEWMAN, 2014 U.S. Dist. LEXIS 149494, at *3 (S.D. Fla. Oct. 2, 2014) (internal citations omitted). "The party resisting discovery carries the burden to show specifically how the objected-to request is unreasonable or otherwise unduly burdensome." *Gonzalez v. Etourandtravel, Inc.*, Case No: 6:13-cv-827-Orl-36TBS, 2014 U.S. Dist. LEXIS 40180 (M.D. Fla. Mar. 26, 2014) (emphasis added).

## ARGUMENT

### I. Plaintiffs are entitled to discovery on documents and information relating to John McDonough and Jennifer Cordeiro's exit from ARA at the end of 2016 and a log of documents withheld based on privilege.

ARA's former Chief Operating Officer, John McDonough, was the individual who calculated large monthly payments to the AKF and then directed ARA to pay the same. His wife and ARA's Vice President of Reimbursement, Jennifer Cordeiro, was in charge of steering ARA patients to commercial plans and then using AKF to fund their premiums. They both unexpectedly left ARA in late 2016, after this lawsuit was filed. Plaintiffs' Interrogatory Nos. 13

and 14 ask ARA to describe the reasons why John McDonough and Jennifer Cordeiro left ARA at the end of 2016. Ex. 1. Plaintiffs' Second Set of Document Requests Nos. 2 and 3 ask ARA to produce all documents relating to McDonough and Cordeiro's departure. Ex. 2. ARA's responses are deficient.

The reasons behind McDonough and Cordeiro's departure from ARA are critical to the merits of this case—yet remain a mystery. Both were integrally involved in the scheme alleged in the Second Amended Complaint. McDonough was the final arbiter of the monetary amount AKF would receive in contributions each month. And before directing ARA to make those monthly payments, McDonough communicated directly with the AKF. Ex. 3. Cordeiro was the Vice President of Reimbursement and the director of ARA's Patient Insurance Education Program, which created and implemented ARA's fraudulent patient steering program of moving patients eligible for Medicare or Medicaid onto Plaintiffs' commercial plans. For instance, ▮

▮ Ex. 4. Similarly, with respect to the ▮

▮ Ex. 5.

Both McDonough and Cordeiro reported to ARA's CEO, Joe Carlucci. Coincidentally, the day Plaintiffs filed their complaint against ARA, ▮

▮ Ex. 6. Yet, just four months later, both McDonough and Cordeiro left ARA. Plaintiffs are entitled to know why.

a. **ARA has not adequately responded to Interrogatory Nos. 13-14.**

Interrogatory Nos. 13-14 seek the reasons that McDonough and Cordeiro left, respectively. ARA claimed that the reasons McDonough and Cordeiro left ARA implicate post-lawsuit attorney-client privileged information and that "[t]he reasons Mr. McDonough 'agreed to step down' are within his knowledge." Ex. 7. ARA did, however, agree to respond to Interrogatory Nos. 13 and 14 by producing documents under Rule 33(d). Yet, after a review of the documents that ARA produced, there is nothing in them that allows Plaintiffs to ascertain the answers to these interrogatories. Furthermore, despite ARA claiming that the reason McDonough left was

2

"within his knowledge," ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Ex. 8, at 64:21-66:12.



*Id.* at 65:14-66:04. McDonough went on to testify that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *Id.* at 66:17; 67:12-15.

Cordeiro ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Ex. 9, at 12:18-13:12.

*Id.* It is clear that ARA's CEO, Joe Carlucci, and likely others, have knowledge as to the reason McDonough and Cordeiro were asked to leave. Therefore, Plaintiffs ask this Court to compel ARA to provide a written answer to Interrogatory Nos. 13-14 that provides this information.

    **b. ARA withheld non-privileged documents responsive to Document Request Nos. 2-3, casting doubts upon the completeness of its production and requiring a privilege log be produced.**

Document Request Nos. 2-3 seek documents "relating to (a) the reasons why [McDonough/Cordeiro] left [ARA] at the end of 2016, and (b) [McDonough's/Cordeiro's] exit from the company." Ex. 2. In response, ARA only objected on the basis of privilege and agreed to produce "responsive, non-privileged documents from the decision-makers involved in or with knowledge of [Ms. Cordeiro's/Mr. McDonough's] exit from the company." Ex. 10. But, ARA

3

refused to produce a privilege log, citing to Local Rule 26.1(e)(C), because "the privileged information is all post commencement of this action." *Id.* On the eve of the Cordeiro deposition, on June 14, 2017, ARA produced just 58 documents in response to Request Nos. 2 and 3. The only documents ARA produced in response to McDonough's departure from ARA are ▉

▉

▉ As for Cordeiro, ARA has only produced a small number of documents regarding her termination from ARA. None of the documents ARA produced provided insight into why either individual was asked to leave ARA.

In late June, however, in conversations with McDonough's counsel, Plaintiffs learned that there were at least two documents that ARA had withheld relating to Cordeiro's and McDonough's departures that were not privileged, but were otherwise responsive to Request Nos. 2 and 3. ▉

▉ Ex. 11. ▉

▉ Ex. 12. Indeed, McDonough's counsel was aware that ARA had not produced the documents, suggesting that this was not an oversight by ARA, but rather a deliberate decision to withhold the documents. During the meet and confer on this issue, ARA claimed that it was under no obligation to search outside counsel's files. ▉

▉

Because Plaintiffs cannot be sure that ARA is not withholding further documents, Plaintiffs seek an order compelling all such documents that are responsive to Request Nos. 2-3. In addition, Plaintiffs seek a privilege log for any document responsive to the requests, but withheld on the basis of any privilege.[1] While L.R. 26.1(e)(C) usually exempts the need for logs after the time the complaint is filed, the terminations of Cordeiro and McDonough are intervening events that are relevant to this matter. And ARA's failure to produce responsive

---

[1] McDonough testified that, ▉ Ex. 8 at 8:4-11.

documents that are not privileged requires a mechanism to assure Plaintiffs that no further documents are not being wrongfully withheld.

## II. Plaintiffs are entitled to a modification of the Stipulated Protective Order to use documents produced in this litigation in a related proceeding against AKF.

Plaintiffs are currently in a dispute with the AKF in the District of Maryland regarding a subpoena Plaintiffs served on the AKF. The AKF, who has refused to produce any documents, intends to file a Motion to Quash and ARA intends to move to compel. But before allowing those motions to be filed, the Court there has scheduled a mediation teleconference before Magistrate Judge Charles Day on August 23, 2017 and the expectation is that the parties should continue to meet and confer on the scope of the subpoena. On calls with the Court on both July 18 and July 28, 2017, Plaintiffs' counsel could not respond fully to the AKF's arguments or the Court's questions due to limits in what it could say under the Protective Order in this case. Plaintiffs request that this Court amend the Stipulated Protective Order in this case so that Plaintiffs may use information produced in this litigation during this mediation and in conjunction with their response to any eventual Motion to Quash the subpoena.

Plaintiffs asked ARA to stipulate to this modification, but ARA responded that it would have to know exactly what documents and information Plaintiffs wished to disclose in the Maryland matter. Plaintiffs will likely want to refer to testimony from McDonough, ███ ███████████████████████████████████████████████████████████ (Ex. 8 at 216:10-217:12) ████████████████████ But because Plaintiffs are uncertain what discussions will arise during the mediation and what questions the Court may pose, they cannot be sure at this time what information or documents they may need to reference. At the July 28 hearing, when Plaintiffs' counsel explained that she could not completely answer a question posed by the Court due to the Protective Order, Magistrate Judge Day expressed concern that he would be prevented from seeing any documents or information that would be relevant to him mediating the issue, but understood that it would have to wait for this Court will have to modify its Protective Order.

"District courts are in a superior position to decide whether to enter or modify protective orders, and it is well established that the decision as to access is one best left to the sound discretion of the trial court." *FTC v. Abbvie Prods. LLC*, 713 F.3d 54, 61 (11th Cir. 2013) (internal citations omitted). "A district court has inherent 'discretionary authority to modify [a

5

protective order] for what it deems good cause shown.'" *E.I. DuPont De Nemours & Co. v. Kolon Indus.*, 479 F. App'x 483, 485–86 (4th Cir. 2012) (brackets in original). Here, Plaintiffs have good cause for amending the protective order. To obtain vital documents from the AKF to further discovery in this case, Plaintiffs will need to utilize documents produced by ARA. For example, AKF is contending, in part, that Plaintiffs' subpoena is unduly burdensome because it seeks documents in ARA's possession. To date, however, ARA has not produced the documents that Plaintiffs are seeking from AKF. Many of these gaps in ARA's production become apparent only in the context of the documents that ARA *has* already produced. And McDonough clarified that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 8, at 224:1-24.

ARA will suffer no harm if the Protective Order is modified in this regard. Indeed, if AKF's motion were heard before this Court, Plaintiffs would have every right to refer to materials under the Protective Order. It is only because the Federal Rules of Civil Procedure call for the enforcement of third-party subpoenas to be heard in the district in which compliance is required, which in this case, is in the District of Maryland, that this is even an issue. Amending the Stipulated Protective Order will allow both Plaintiffs and Defendants to protect their own confidential information while also facilitating a resolution in the Maryland proceedings.

Accordingly, Plaintiffs propose that this Court modify the Stipulated Protective Order to allow Plaintiffs to use documents produced in this litigation in the District of Maryland proceedings pursuant to the restrictions outlined in the protective order.[2]

## CONCLUSION

For the reasons set forth herein, Plaintiffs respectfully request that this Court grant their Motion to Compel in its entirety.

---

[2] Plaintiffs have provided two copies of the Protective Order to AKF and its counsel since, as AKF is an anticipated deposition witness, they would be expected to sign Exhibit A of the Protective Order even in the absence of motion practice.

Respectfully submitted,

Dated: July 31, 2017

By: *s/Michael R. Whitt*
Michael R. Whitt (Fla. Bar No. 0725020)
mwhitt@robinskaplan.com
Robins Kaplan LLP
711 Fifth Avenue South, Suite 201
Naples, FL 34102
T: (239) 430–7070
F: (239) 213–1970

Martin R. Lueck (admitted *pro hac vice*)
Thomas C. Mahlum (admitted *pro hac vice*)
Anne M. Lockner (admitted *pro hac vice*)
Jeffrey S. Gleason (admitted *pro hac vice*)
Jamie R. Kurtz (admitted *pro hac vice*)
William Bornstein (admitted *pro hac vice*)
Robins Kaplan LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402–2015
T: (612) 349–8500
F: (612) 339–4181
mlueck@robinskaplan.com
tmahlum@robinskaplan.com
alockner@robinskaplan.com
jgleason@robinskaplan.com
jkurtz@robinskaplan.com
wbornstein@robinskaplan.com

*Attorneys for Plaintiffs UnitedHealthcare of Florida, Inc. and All Savers Insurance Company*

## STATEMENT OF COMPLIANCE WITH L.R. 7.1(a)(3)

Pursuant to Local Rule 7.1(a)(3), counsel for United certifies that counsel has conferred with the parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues raised in this motion and has been unable to do so.

## REQUEST FOR HEARING

Under Local Rule 7.1(b), Plaintiffs respectfully request a hearing on this motion take place so that additional argument may be heard and evidence presented. Plaintiffs estimate that the hearing on this motion will take thirty (30) minutes.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed under seal (with service via email to counsel listed below) and electronically on July 31, 2017 with the Clerk of Court using the CM/ECF system, thereby sending a notice of electronic filing to all counsel of record on the service list below.

*s/Michael R. Whitt*
Michael R. Whitt (Fla. Bar No. 0725020)

### SERVICE LIST

Matthew I. Menchel (Florida Bar No. 12043)
matthew.menchel@kobrekim.com
Andrew C. Lourie (Florida Bar No. 87772)
andrew.lourie@kobrekim.com
Adriana Riviere-Badell (Florida Bar No. 30572)
adriana.riviere-badell@kobrekim.com
Laura Maria Gonzalez-Marques
laura.gonzalez@kobrekim.com
Kobre & Kim LLP
2 South Biscayne Boulevard
35th Floor
Miami, FL 33131

Danielle S. Rosborough, admitted *pro hac vice*
danielle.rosborough@kobrekim.com
Kobre & Kim LLP
1919 M Street, NW
Washington, D.C. 20036

Clinton J. Dockery, admitted *pro hac vice*
clinton.dockery@kobrekim.com
Kobre & Kim LLP
800 Third Avenue
New York, NY 10022

*Attorneys for Defendants American Renal Associates LLC and American Renal Management LLC*

88241734.4

9