UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 16-cv-81180-Marra/Matthewman

UNITEDHEALTHCARE OF FLORIDA, INC.,
and ALL SAVERS INSURANCE COMPANY,

    Plaintiffs,

vs.

AMERICAN RENAL ASSOCIATES LLC,
et al.,

    Defendants.
_____/



FILED by ___ D.C.
OCT 2 0 2017
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR RECONSIDERATON [DE 291]

THIS CAUSE is before the Court upon Plaintiffs, UnitedHealthcare, Inc., and All Savers Insurance Company's (collectively, "Plaintiffs") Motion for Reconsideration or Modification of Omnibus Discovery Order Dated August 30, 2017 ("Motion") [DE 291]. This matter was referred to the undersigned by United States District Judge Kenneth A. Marra. *See* DE 62. Defendants, American Renal Associates LLC, and American Renal Management LLC (collectively, "Defendants"), filed a response [DEs 296, 297] to Plaintiffs' Motion, Plaintiffs filed a reply [DEs 303, 304], and Defendants filed a sur-reply [DEs 314, 315]. The matter is now ripe for review.

### I.    BACKGROUND

In the Court's August 30, 2017 Order [DE 290], the Court granted in part and denied in part Defendants' Omnibus Motion to Compel [DEs 254, 255] and granted in part and denied in

1

part Plaintiffs' Motion to Compel [DEs 251, 252]. More specifically, the Court permitted Defendants to select an additional 16 custodians and an additional 12 search terms and to request more at a later date if Defendants have a good-faith basis to do so. The Court also ruled that

> As to Plaintiffs' Second Set of Document Requests #2 and 3, the Court finds that Defendants have not waived any privilege and that Local Rule 26.1(3)(2)(C) shall not be modified by the undersigned to require a privilege log of documents that involve post-lawsuit privileged communications. Based upon the representation of Defendants' counsel in their response and at the August 11, 2017 hearing that all non-privileged responsive documents have been produced, the Court denies any further relief as to Requests #2 and 3.

[DE 290, p. 2]. The Court made additional rulings, which are not relevant to Plaintiffs' Motion.

## II.  MOTION, RESPONSE, REPLY, AND SUR-REPLY

In the Motion, Plaintiffs first argue that the Court should reconsider or modify its Order because the Court never made a finding that Plaintiffs' production was deficient, there is no evidence that would support such a conclusion, the Court did not tailor the additional custodians or search terms to "any purported inadequacy nor to any proportionality limits", the Court did not "provide any mechanism for ensuring that ARA's custodians and search terms do not capture an overwhelmingly, burdensome, disproportionate amount of information", and the Court's Order is "patently unfair." [DE 291, pp. 1-3]. Plaintiffs' second argument is that the Court should reconsider its decision not to compel Defendants to provide a privilege log because it held the parties to different standards regarding privileged materials, Defendants wrongfully withheld a responsive, non-privileged document, and the Court should not rely on Defendants' counsel's representations that they have no additional non-privileged responsive documents. *Id.* at pp. 3-4.

In response, Defendants argue that the Motion should be denied because the Court's

2

Order is based on the parties' lengthy submissions and two hours of oral argument. [DE 297, p. 1]. Defendants also contend that the alleged "patent unfairness" is not a "permissible ground for granting a reconsideration motion in this Circuit." *Id.* Next, Defendants argue that the Motion should be denied because Plaintiffs have not presented new evidence or authority and have not demonstrated a manifest error by the Court. *Id.* at p. 2. Finally, Defendants maintain that Plaintiffs have misstated the current state of discovery in the case. *Id.* Defendants are requesting a date certain by which Plaintiffs must complete their entire production and suggest the date of October 14, 2017. *Id.* at p. 3.

In reply, Plaintiffs re-state the arguments from the Motion. [DE 304, p. 2]. Plaintiffs also contend that the Court's Order "inexplicably and without any stated basis grants discovery rights to ARA that the Court has denied to Plaintiffs in this case." *Id.* at p. 3. Plaintiffs argue that the Order "will impose burdens on Plaintiffs' that are disproportionate to any benefit that will flow to Defendants" and that Defendants' have already provided Plaintiffs a list of custodians and search terms that are "unrestricted and unfocused." *Id.* Plaintiffs assert that some of the proposed search terms attempt to circumvent other Court rulings and are therefore improper. *Id.* at p. 4. Finally, Plaintiffs argue that the Court should require Defendants to submit a privilege log because that will "minimize ARA's ability to withhold responsive documents." *Id.* at p. 6. Plaintiffs attach to their reply a sealed Declaration to support their argument that the Court-ordered discovery would be burdensome. [DE 303-4].

In Defendants' sur-reply, they argue that the new custodians and search terms are supported by the evidence, are relevant, and are proportional to the needs of the case. [DE 315, p. 3]. Defendants next contend that the declaration filed by Plaintiffs should be disregarded by

3

the Court as it is irrelevant and has never been filed before in this case. *Id.* at p. 4.

### III. ANALYSIS AND DISCUSSION

In order to prevail on a motion for reconsideration, the moving party "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. A motion for reconsideration should raise new issues, not merely address issues litigated previously." *Instituto de Prevision Militar v. Lehman Bros.*, 485 F.Supp.2d 1340, 1343 (S.D. Fla. 2007) (quoting *Socialist Workers Party v. Leahy*, 957 F.Supp. 1262, 1263 (S.D. Fla. 1997)). The three grounds warranting reconsideration that courts have articulated are: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or manifest injustice. *Id.*

Upon careful review of the Motion, Defendants' response, Plaintiffs' reply, Defendants' sur-reply, the Court's prior Orders, and the entire docket in this case, the Court finds that the Motion is due to be granted in part and denied in part as fully explained in this Order.

First, there has been no intervening change in controlling law. Plaintiffs do not argue to the contrary. Therefore, reconsideration is not appropriate on that basis.

Second, the only asserted new evidence submitted by Plaintiffs consists of Docket Entries 303-1 through 303-4. Docket Entry 303-1 is email correspondence; Docket Entry 303-2 is a list of the additional 16 custodians; Docket Entry 303-3 is a list of additional 12 search terms; and Docket Entry 303-4 is a Declaration from the Director of e-Discovery at UnitedHealth Group. Even though Plaintiffs could have—and should have—filed the Declaration at a much earlier date, and certainly no later than the lengthy discovery hearing held in this case on August 11, 2017, the Court has nonetheless considered this asserted new evidence in an effort to be fair to

all parties involved in this case. Although the Declaration [DE 303-4] addresses e-discovery in general and is not sufficiently specific to the discovery at issue, the Court will reconsider its prior Order in light of the Declaration because it sheds light on precisely what the parties have not done in this case regarding their e-discovery obligations.

Specifically, the very last paragraph of the Declaration states precisely what this Court has been asking the parties in this case to do—and which they have failed to do—throughout the many discovery disputes which have unfortunately arisen in this case. Specifically, paragraph 12 states as follows:

> In my opinion and based on my experience, if additional time is taken to reexamine the search terms to minimize some of the more obvious deficiencies and then, after the search terms are run, allow for the parties to evaluate which terms hit on an excessive number of documents and narrow them accordingly, the process could be sped up significantly as the volume of documents for the steps after collection and indexing will likely be greatly reduced.

[DE 303-4, para. 12]. Ironically, this type of cooperation is exactly what this Court has been expecting from the parties and their counsel throughout this case—to work together to arrive at reasonable search terms, to run those search terms and engage in sampling to see if the search terms are producing responsive documents or excessive irrelevant hits, and then to continue to refine the search terms in a cooperative, professional effort until the search terms are appropriately refined and produce relevant documents without including an excessive number of irrelevant documents. However, despite what paragraph 12 of the Declaration suggests, and despite this Court's suggestions to the parties and their counsel as to the cooperative and professional manner in which the parties should engage in the e-discovery process in this case, there has instead been an apparent lack of cooperation and constant bickering over discovery, especially e-discovery. The alleged new evidence submitted by Plaintiffs, that is, the list of

5

additional search terms and custodians and the Declaration, clearly show that, where, as here, parties in a large civil case do not cooperatively engage in the e-discovery process, the collection and indexing of documents and the production of relevant documents, become much more difficult.

There is no need to correct clear error or manifest injustice as the Court has not committed clear error or caused any party manifest injustice. Rather, if anyone is to blame for the belabored and excessive discovery process in this case, the Court suggests that it is the parties themselves. As the Court noted above, the parties in this case seemingly are unable to cooperate regarding discovery disputes, as required by Federal Rules of Civil Procedure 1 and 26 and the Local Rules.[1] Although the parties and their counsel should be the most familiar with the particular issues and discovery needs of this case, to date, they have provided very little assistance to the Court during the discovery process. The parties and their counsel have been of virtually no help to the Court on e-discovery issues and have themselves caused the difficulties of which Plaintiffs now complain.

Unfortunately, the parties and their counsel, through their many discovery disputes and their litigiousness, have unnecessarily turned this case into what can best be termed as a "discovery slugfest." Rather than the parties working together to come up with reasonable search terms, then working together to refine those search terms, and then cooperatively engaging in sampling and further refinement of those search terms so that relevant documents are uncovered and produced, or cooperatively engaging in any of the numerous other e-discovery

---

[1] The Introductory Statement of the Local Rules states that attorneys in this District are to be "governed at all times by a spirit of cooperation, professionalism, and civility. For example, and without limiting the foregoing, it remains the Court's expectation that counsel will work to eliminate disputes by reasonable agreement to the fullest extent permitted by the bounds of zealous representation and ethical practice."

6

techniques that could lessen the discovery burdens on both parties, they have instead sought to turn the discovery process in this case into a legal variety of hand-to-hand combat. If any of the parties to this case are unhappy with the Court's discovery rulings, and, specifically as to the pending motion, if Plaintiffs or their counsel are unhappy with the Court's discovery rulings, they have only themselves to blame. The parties' lack of cooperation and insistence upon producing as little discovery as possible to the other side, while concurrently seeking as much discovery as possible from the other side, is at the root of the discovery problems in this case.

This case was filed by Plaintiffs on July 1, 2016. Since that time, the parties have filed well over 50 discovery motions, responses, replies, notices, and declarations, many of which have been filed under seal. The Court has held at least six discovery hearings in 2017, most of which were lengthy and contentious. *See* DEs 89, 107, 109, 171, 228, 284. The Court has entered countless Orders relating to the parties' numerous discovery disputes. It appears to the Court that, rather than be cooperative in the discovery process, the parties and their counsel intend to make the discovery process in this case as expensive, time-consuming and difficult as possible. This flies in the face of what is expected from civil litigants and their counsel. For example, a very recent publication from the well-respected Sedona Conference Institute states the following:

> The ability to reach an agreement on topics or search terms is dependant [sic] upon the level of cooperation of the parties, and whether it is practical at the early stages in the case to identify the potentially relevant records. Search terms also have to be carefully crafted and multiple levels of searches may be required to identify truly relevant ESI. For example, a string search of 200 terms may recall so many records that even if the parties were able to agree on those terms the results of the search are so massive that use of search terms in that context may not reduce or eliminate the burden. With that said, search terms may be a fruitful way to limit the scope of discovery and reduce costs. Our point is that it will take time and effort on both parties' side to reach an agreement on a workable set of

search terms.

John Rosenthal and Moze Cowper, *A Practitioner's Guide to Rule 26(f) Meet and Confer: A Year After the Amendments,* The Sedona Conference Institute, 2008, at 11.

> Further, as noted in the recently published *Federal Judges' Guide to Discovery:*
>
> > Courts expect that counsel will endeavor to cooperate and reach agreements early in litigation regarding the scope of preservation; the scope of search efforts (custodians, date ranges, sources); the method of search (keyword, TAR, combination); the form (or forms) of production (including what metadata will be produced and how ESI from structured databases may be produced); and privilege and privacy issues, etc., and to revisit issues, if necessary, as more facts are discovered or legal theories are refined.

*The Federal Judges' Guide to Discovery, Edition 3.0,* The Electronic Discovery Institute (2017), at 50.

And no less of an expert than United States Supreme Court Chief Justice John Roberts commented in the 2015 Year-End Report on the Federal Judiciary that, pursuant to the December 1, 2015 Amendments to Federal Rules of Civil Procedure 1 and 26, it is now the duty and obligations of the lawyers in a civil case to cooperate in discovery, size and shape their discovery to the needs of the case, and attempt to lessen, rather than exacerbate, discovery disputes and the expense of the discovery process. In this regard, Chief Justice Roberts stated:

> As for the lawyers, most will readily agree—in the abstract—that they have an obligation to their clients, and to the justice system, to avoid antagonistic tactics, wasteful procedural maneuvers, and teetering brinksmanship. I cannot believe that many members of the bar went to law school because of a burning desire to spend their professional life wearing down opponents with creatively burdensome discovery requests or evading legitimate requests through dilatory tactics. The test for plaintiffs' and defendants' counsel alike is whether they will affirmatively search out cooperative solutions, chart a cost-effective course of litigation, and assume shared responsibility with opposing counsel to achieve just results.

Chief Justice's 2015 Year-End Report on the Federal Judiciary[2], at p. 11.

With the above pronouncements in mind, the Court will now turn to the specifics of Plaintiffs' Motion. Plaintiffs' first primary argument as to clear error or manifest injustice is that the Court's ruling permitting additional custodians and search terms is not based on the evidence, is unfair, and is overly broad. The Court does not believe that its ruling is unfair and, in fact, the ruling is based upon the arguments made to the Court in the many filings by the parties and is based on the arguments made at the lengthy discovery hearing.

Further, while the Court opted to permit additional search terms and custodians, Defendants are obviously still constrained to abide by the Court's prior discovery Orders in this case. That is, Defendants may not use the additional search terms or custodians to circumvent any of the prior limitations that the Court has placed upon discovery in this case in its discovery Orders. The additional search terms and custodians must stay within the parameters the Court has placed upon discovery in this case via its prior Orders. Should Defendants fail to do so, and should Defendants seek e-discovery beyond the parameters previously imposed by the Court, Plaintiffs can file an additional motion with the Court explaining exactly how Defendants have failed to adhere to the letter or spirit of the Court's prior discovery Orders.

In this regard, however, the Court strongly advises counsel for all parties in this case to read the above authorities[3], comply with what is ethically expected of them as professionals and members of the Bar, and work together to refine the search terms and arrive at the production of relevant and proportional discovery in this case. The Court also advises the parties and their

---

[2] www.supremecourt.gov/publicinfo/year-end/2015year-endreport.pdf
[3] The Court also directs the parties to review *L–3 Commc'ns Corp. v. Sparton Corp.*, 313 F.R.D. 661, 666-68 (M.D. Fla. 2015), which addresses search terms, e-discovery, and the necessity for cooperation between the parties.

counsel that it will strictly utilize cost-shifting and attorney's fees and costs sanctions from this point forward against any party or attorney in this case who violates the Court's discovery Orders, fails to cooperate in good faith, seeks excessive discovery, or fails to produce relevant and proportional discovery.

Plaintiffs' second main argument regarding clear error or manifest injustice is that the Court should have required Defendants to draft and serve a privilege log because Defendants allegedly failed to produce a non-privileged document that was responsive to one of Plaintiffs' discovery requests in the past.[4] Plaintiffs have no legitimate basis for assuming, and encouraging the Court to infer or find, that there are more such withheld documents by Defendants. Defendants' counsel, who are officers of the court, have represented that no additional non-privileged, responsive documents are being withheld. In effect, and to be blunt, Plaintiffs' counsel are effectively accusing Defendants' counsel of lying to the Court; that is, Plaintiffs' counsel are asserting that Defendants' counsel are purposely withholding documents and then making knowing misrepresentations to this Court that they have not withheld documents. These are strong allegations, and, from what the Court has seen to date, there is no factual basis or support for such allegations. If Plaintiffs' counsel have evidence (not innuendo, assumptions or beliefs) to support such a bold accusation, then they should produce it; if not, then they must refrain from making such representations or assertions for which the Court has

---

[4] The Court notes that, in large civil cases like this case, it is not entirely unexpected that a party will either inadvertently produce privileged documents or inadvertently and initially fail to produce relevant documents. This can happen despite the best efforts and intentions of counsel and parties. The Rules provide for supplementation of discovery when errors such as failure to disclose a relevant document are discovered by a party. Plaintiffs' argument that, because an email was allegedly not timely produced by Defendants, the Court should, therefore, assume that Defendants are purposely withholding documents in the discovery process is wholly without merit. In fact, Plaintiffs themselves, by their own admission, have erroneously produced documents subject to privilege in this case and have had to produce documents which they previously withheld and erroneously listed on their privilege log. *See* DE 301 at p. 2.

10

seen no evidence to date. These types of allegations are surely one of the reasons the discovery process in this case has become so litigious and acrimonious.

Furthermore, Plaintiffs acknowledge that a privilege log would not normally be required under Local Rule 26.1(3)(2)(C), but they then argue that Defendants "lost the protection that the local rule would otherwise provide by wrongfully withholding an indisputably non-privileged documents that was directly responsive to Plaintiffs' document requests." [DE 291, p. 4]. This argument is nonsense. Plaintiffs have never provided any case law to support their contention that the Court must disregard the Local Rules because one party alleges another party has withheld documents.

Finally, Plaintiffs argue that the Court has been unfair in requiring Plaintiffs to produce more discovery than Defendants. The Court notes that it granted in part and denied in part both Plaintiffs' and Defendants' most recent discovery motions. The Court has endeavored to be fair to both parties in this case, and, merely because Plaintiffs do not like some of the Court's rulings, does not mean that the Court has been unfair. Moreover, Plaintiffs are the ones who filed the lawsuit in this case and invoked the jurisdiction of this Court—they should not be resistant to producing discovery as required by the rules and ordered by the Court.

Based on the foregoing, it is hereby **ORDERED** as follows:

1. Plaintiffs' Motion for Reconsideration or Modification of Omnibus Discovery Order Dated August 30, 2017 [DE 291] is **GRANTED IN PART AND DENIED IN PART**.

2. Plaintiffs' motion is GRANTED to the extent that the Court's prior Order is clarified so as to advise the parties that the additional custodians and search terms permitted

Defendants by the Court must not go beyond the limits and parameters previously placed on the scope of discovery by this Court in its numerous prior discovery Orders, and as noted previously in this Order. That is, by allowing Defendants additional search terms and custodians, the Court did not give Defendants carte blanche to seek irrelevant, disproportionate discovery or discovery beyond the parameters previously set by the Court. Rather, the Court wanted to ensure that the search for relevant and proportional documents would be sufficiently thorough without causing undue burden or expense to Plaintiffs. Further, the prior Order is hereby supplemented and modified to the extent that the Court orders that both Plaintiffs and Defendants and the parties' counsel confer on the search terms for the additional custodians and endeavor to refine those search terms if they hit on an excessive number of documents, and then narrow them accordingly in a collaborative process. In this regard, the parties and their counsel are ordered to collaborate and refine the search terms as necessary to ensure that relevant discovery is being uncovered and produced. Defendants are still permitted the additional search terms and custodians previously permitted by the Court, but the Court wants to ensure and direct that the parties confer and cooperate with each other to obtain the relevant documents Defendants are seeking while minimizing any burden on Plaintiffs.

3. The balance of Plaintiffs' Motion is DENIED.

**DONE and ORDERED** in Chambers this 20th day of October, 2017, at West Palm Beach, Palm Beach County in the Southern District of Florida.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE