UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:16-cv-81180-KAM

UNITEDHEALTHCARE OF FLORIDA,
INC., and ALL SAVERS INSURANCE CO.,

                Plaintiffs,

   v.

AMERICAN RENAL ASSOCIATES LLC,
and AMERICAN RENAL MANAGEMENT LLC,

                Defendants.
_____/

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL
DEFENDANTS TO ANSWER REQUESTS FOR ADMISSION AND TO DEEM
REQUESTS ADMITTED**

Plaintiffs' Motion To Compel Defendants To Answer Requests For Admission And To Deem Requests Admitted (the "Motion") should be denied because, for several reasons, both the Motion itself and the Requests for Admission (the "Requests") that underlie it represent a misuse of the Federal Rule of Civil Procedure.  <u>First</u>, the Motion improperly seeks to have this Court evaluate evidence and then deem certain Requests admitted, something the case law expressly counsels the Court not to do.  <u>Second</u>, the Requests themselves are improper under both Rule 36 and under Rule 26's proportionality requirement because they would require ARA to do an enormous amount of work to even try to respond to them as they are currently drafted. <u>Third</u>, the Motion provides the Court with no response to ARA's objections to the specific Requests at issue here, or explanation as to why ARA's good faith efforts to provide information while maintaining some reasonable level of proportionality are not satisfactory.

**I.     The Court Cannot Grant the Relief Sought**

The very first line of the Motion states that the Requests are "designed to establish key facts, *many of which the record shows are true*." *See* Mot. at 1 (emphasis added).  The Motion goes on to discuss a number of the specific Requests.  For each Request, United cites excerpts from ARA documents and deposition testimony in an effort to "prove" the "truth" of the Request, and asks the Court to deem those Requests admitted based on this evidence.

Accordingly, the Motion asks this Court to make factual findings as to the accuracy of ARA's responses.  But that is not something United may ask this Court to do.  *See, e.g.*, Wright & Miller, 8B Fed. Prac. & Proc. Civ. § 2263 (3d ed.) ("[T]he propounding party may not challenge the denial [of a request for admission] on the ground that it is unsupported by the evidence."); *Cabrera v. Gov't Employees Ins. Co.*, No. 12-61390-CIV, 2014 WL 2999206, at *17 (S.D. Fla. July 3, 2014) ("As long as a responding party's answer is adequate to satisfy the technical requirements of Rule 36, the court is not empowered to compel [the responding party] to change an answer to conform to the 'truth' or to any particular theory or other evidence[.]"); *Point Blank Sols., Inc. v. Toyobo Am., Inc.*, No. 09-61166-CIV, 2011 WL 742657, at *3 (S.D. Fla. Feb. 24, 2011) (Rule 36 "does not authorize a Court to inquire into the substantive accuracy of the denial [of a request for admission]."); *Lakehead Pipe Line Co. v. American Home Assur. Co.*, 177 F.R.D. 454 (D. Minn. 1997) ("Rule 36(a) does not authorize a Court to prospectively render determinations concerning the accuracy of a denial to a Request for Admission, or to order that the subject matter of the request be admitted because the opposing party's unequivocal denial is asserted to be unsupported by the evidence."); *Foretich v. Chung*, 151 F.R.D. 3 (D.D.C. 1993) ("An answer to a request for admission may be insufficient if it is not specific or the explanation for the refusal to admit lacks detail, but not because it may be

contrary to the evidence."). Thus, because the Motion seeks relief that the Court cannot grant, it should be denied.

## II. The Requests Themselves are Improper and the Requests at Issue Here are Objectionable

The Requests underlying the motion consist of 112 separate requests. They cover virtually every aspect of United's complaint, including many issues of fact that are contested between the parties such as, among others, what the "goals" of ARA's patient education program were (Requests 50, 52-55), what ARA knew about United's third-party premium ban (Requests 18-19); and what ARA told the patients at issue about United ACA plans (Requests 24, 26). Many of the Requests also purport to require ARA to provide admissions relating to the facts about every one of the 50+ patients at issue in the case, every one of the thousands of claims potentially at issue in the case, or both. United's Requests are therefore an improper attempt to take a shortcut around its burden of proof and try the case by admission.[1] This tactic is at odds with the purpose and scope of Rule 36. It is well-settled that requests for admission "are not intended to be so broad that they cover all issues in a complex case." *Kennedy* v. *Nick Corcokius Enterprises, Inc.,* No. 9:15-CV-80642, 2015 WL 7253049, at *5 (S.D. Fla. Nov. 17, 2015). Indeed, "[t]he authorities are in agreement that Rule 36 was originally intended to relieve parties of the necessity of proving facts not really in dispute, [which] are rarely crucial to liability[.]" *Moore* v. *Rees,* No. 06-CV-22-KKC, 2007 WL 1035013, at *16 (E.D. Ky. Mar. 30, 2007). Here, United's Requests go to the heart of nearly all the allegations in its complaint and directly address many of the core issues in the case that are disputed. Indeed, the Motion states on the first page that the facts at issue in the Requests are "central to the case." Further, as the Motion itself makes clear with its voluminous cites to record evidence, United has spent a substantial amount of time and effort in discovery trying to establish exactly the facts they seek to have admitted here. That establishes United's improper reliance on Rule 36, which is intended to be a "complement to judicial notice," not a replacement for other forms of discovery. *Minnesota Min. & Mfg. Co.* v. *Norton Co.,* 36 F.R.D. 1, 2 (N.D. Ohio 1964).

Even if Rule 36 could be used in the manner United attempts here, the individual Requests at issue are objectionable on numerous grounds and nothing in the Motion attempts to address these deficiencies or respond to ARA's objections to the Requests as written. In fact, as detailed below, ARA has met or exceeded its obligations by attempting to reframe some

---

[1] Indeed, during a meet and confer over these Requests, Plaintiffs' counsel expressly told ARA's counsel that it intends to "read these responses to the jury."

2

otherwise unanswerable Requests in a way that allowed it to provide an admission to a properly tailored question and that might be of use to United.[2]

**RFAs 1, 2 and 3:** These Requests ask ARA to issue a blanket admission that it never collected any cost-sharing from any patient at issue with respect to any claim. Like many of the other Requests, it purports to require ARA to make a factual admission regarding literally thousands of individual claims. As ARA has told United, accurately responding to the Request as written would require ARA to review a separate patient record regarding each one of these thousands of claims. *See* Exhibit 3, Nov. 7 Letter from Rosborough to Bornstein at 1. Such an undertaking is well beyond what either Rule 36 or Rule 26 requires. Nonetheless, and despite the overbreadth of the Request, ARA attempted to respond in good faith by providing United an admission regarding its general policy on cost sharing. This response is more than sufficient.

**RFAs 5 and 6:** Again, these Requests ask ARA to admit that every one of the thousands of relevant claims at issue in this litigation was prepared and submitted by employees of ARM. As with Requests 1-3, these Requests ask ARA to provide a specific admission with respect to the circumstances of each one of these thousands of claims. And as with its response to Requests 1-3, ARA has provided United with a general admission of its procedures regarding claims submissions. It is unclear what more United thinks it needs, or how it suggests ARA is

---

[2] ARA will not waste the Court's time with a point-by-point refutation of the purported "proofs" United offers. ARA believes the evidence cited either does not support the admission United seeks, is contradicted elsewhere in the record, or both. For example, with respect to Requests 5 and 6, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Similarly, with respect to Request 26, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ To be clear, ARA takes no issue with United using the evidence it has developed in support of its claims. If United believes evidence should be interpreted one way, it is free to argue that at the appropriate place and time. But United's view of what the record establishes is not a basis on which to burden ARA with 112 improper requests for admission and an improper motion to compel.

3

to go about in a reasonable and proportional way making the determinations that would be required to accurately admit these Requests with respect to each individual claim.

**RFA 10:** Request 10 asks ARA to admit that, at the time each of the thousands of claims at issue in the case was prepared and submitted to United, ARA was aware that each of the 50+ patients was receiving assistance from the AKF. As ARA has explained to United, ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ *See* Exhibit 4, Oct. 26 Letter from Rosborough to Bornstein at 7. But, more importantly, ARA is not required to— nor could it possibly—ascertain exactly what it knew about each patient at the time each claim was submitted. United's motion to force such an admission is therefore illogical and wasteful. ARA has fulfilled its discovery obligations by providing United a general admission consistent with the type of admission United seeks.

**RFAs 18 and 19:** ARA objected to these requests insofar as they seek an admission regarding what ARA knew about the fine print of the United plans for over 40 of the patients at issue here. United has provided no response to that objection nor explained how ARA should go about collecting the information that would be required to accurately admit these Requests. Moreover, ARA has in fact specifically denied these Requests as Rule 36 requires, as well as provided United with the basis for that denial. *See* Exhibit 5, Defendants' Supplemental and Amended Responses to Plaintiffs' Requests for Admission at 11. United may not like the fact that ARA disagrees with it about these Requests, but a motion pursuant to Rule 36(a)(6) provides the movant no recourse for factual disagreements.

**RFA 22:** This Request is improper because it asks ARA to speculate as to patients' personal financial affairs. The scope of Rule 36, which covers "facts, the application of law to fact, or opinions about either[,]" does not include such speculation. *See Rebman v. Follett Higher Educ. Grp., Inc.*, No. 06-cv-1476, 2008 WL 3928793, at *1 (M.D. Fla. Aug. 26, 2008). This Request is also improper insofar as it asks ARA to make an admission regarding that determination with respect to 50+ patients. ARA has denied this Request, and it is improper for United to ask the Court to resolve this disputed fact on a motion to compel. United's assertion that ARA's denial "rings hollow" is meaningless for purposes of the instant motion.

**RFAs 24 and 26:** As an initial matter, the Motion misstates what these Requests actually say. In particular, Request 24 does not ask ARA to admit that it told "some" Florida and Ohio patients that AKF might pay their premiums, but rather that it imparted that information to "each" patient at issue. *See* Exhibit 5 at 13. ARA cannot reasonably find out what precisely was conveyed to each and every patient. In the spirit of good faith, ARA did

4

admit that it would generally inform patients of financial help available to them. Request 26 likewise would require ARA to make a determination with respect to every patient and is therefore improper. Moreover, ARA denied this Request as written, and United does not raise any issues with ARA's fulfillment of the "technical requirements" of Rule 36.

**RFA 27:** This Request purports to require ARA to admit or deny information regarding whether every single one of the patients at issue incurred cost sharing charges from providers other than ARA. First, asking ARA to ascertain this information is impossible because it relates to the patients' relationships with other medical providers, many of which ARA has no information about or knowledge of. Second, even if ARA somehow could get this information, tracking it down for each one of 50+ patients for each of their other health care providers, it would be far beyond what is required under Rule 26. In any event, ARA has denied the Request and created a disputed issue of fact that cannot be resolved on a motion to compel.

**RFA 31:** With respect to Request 31, ARA has served a supplemental response forgoing its objections and specifically denying the Request. *See* Exhibit 5 at 16. The facts underlying the Request are in dispute and for the reasons described above, United's factual arguments in the Motion regarding this Request are irrelevant.

**RFAs 43 and 44:** These requests ask for information regarding the "regularity" with which ARA's board of directors was informed about the company's donations to AKF (Request 43) and how those contributions were determined (Request 44). ARA objected on the grounds that it was not specific as to what degree of regularity United was looking for. United apparently acknowledged the vagueness of its initial Requests as it offered to adjust the Requests to remove the ambiguous term. *See* Exhibit 6, Nov. 1 Letter from Bornstein to Rosborough at 5. However, United filed this Motion before the parties had a chance to fully work through a possible agreement on these Requests. But to the extent United's Motion raises factual arguments regarding the veracity of ARA's existing responses, such arguments are irrelevant and do not provide a basis for relief from the Court.

**RFAs 47 and 48:** ARA has served amended responses forgoing its objections to these Requests and providing an admission that it believes is responsive to the substance of these Requests. *See* Exhibit 5 at 21-22. Aside from this admission, the facts that the Request asks ARA to admit are in dispute. United's factual arguments in the Motion regarding this Request are irrelevant for the reasons set out above.

5

**RFAs 50 and 52-55:** As with Request 31, ARA has served amended responses forgoing its objections to these Requests and providing a specific denial. *See* Exhibit 5 at 23-24. Accordingly, the facts underlying the Request are in dispute.[3]

### III. United is Not Entitled to Costs

United contends it is entitled to recover the "expenses it has incurred in making proof of any facts deemed admitted" pursuant to Fed. R. Civ. P. 37(c)(2) and asks the Court to award it such costs. *See* Mot. at 1. Such a request is premature, as "Rule 37(c) is intended to provide *posttrial* relief in the form of a requirement that the party improperly refusing the admission pay the expenses of the other side in making the necessary proof at trial." *See* Advisory Committee's Note on 1970 Amendments to Rules, 48 F.R.D. 541 (1970) (emphasis added).

In fact, it is ARA that should be awarded costs under the rules. Fed R. Civ. P. 36(a)(6), the Rule under which this Motion was brought, explicitly states that "Rule 37(a)(5) applies to an award of expenses" for a motion like this one. Rule 37(a)(5), in turn, provides that, if a motion to compel is denied, the Court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5). Here, United can make no showing that the Motion was substantially justified given that it seeks relief that cannot be granted as a matter of law, and in any event is premised on Requests that are themselves improper.

Finally, United's motion accuses ARA *repeatedly* of "evasive" and "untruthful" behavior in responding to the Requests. United has made a habit of slinging these types of accusations around, even where, as here, they are unnecessary to the relief requested and without any support in the record. These most recent attacks come even after the Court's recent admonition that the lawyers try to forge a better working relationship and not engage in unsupported personal attacks.

### CONCLUSION

For the forgoing reasons, ARA respectfully requests that the Court deny the Motion and award ARA its costs incurred in responding to the Requests and the Motion.

---

[3] United correctly notes that ARA's original response to Request 50 included a reference to ARA's patient education program, which was not the subject of the Request. That was a clerical error that is no longer relevant in light of the amended responses.

Dated:  November 15, 2017                              Respectfully Submitted,


  */s/ Matthew Menchel*
Matthew I. Menchel (Florida Bar No. 12043)
matthew.menchel@kobrekim.com
Andrew C. Lourie (Florida Bar No. 87772)
andrew.lourie@kobrekim.com
Adriana Riviere-Badell (Florida Bar No. 30572)
adriana.riviere-badell@kobrekim.com
Laura M. Gonzalez (Florida Bar No. 74358)
Laura.Gonzalez@kobrekim.com
Kobre & Kim LLP
201 South Biscayne Boulevard
Suite 1900
Miami, Florida 33131
T: +1 305 967 6100
F: +1 305 967 6120

Danielle S. Rosborough, admitted *pro hac vice*
danielle.rosborough@kobrekim.com
Kobre & Kim LLP
1919 M Street, NW
Washington, D.C. 20036
T: +1 202 664 1984

Clinton J. Dockery, admitted *pro hac vice*
clinton.dockery@kobrekim.com
Joseph W. Slaughter, admitted *pro hac vice*
Kobre & Kim LLP
800 3rd Avenue
New York, NY 10022
T: +1 212 488 1275

*Attorneys for Defendants American Renal Associates LLC and American Renal Management LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on November 15, 2017 via electronic mail to all counsel of record on the service list below.

                                                               */s/ Matthew Menchel*
                                             Matthew I. Menchel (Florida Bar No. 12043)

## SERVICE LIST

Michael R. Whitt
mwhitt@robinskaplan.com
Robins Kaplan LLP
711 Fifth Avenue South, Suite 201
Naples, Florida 34102

Martin R. Lueck
Thomas C. Mahlum
Jeffrey S. Gleason
Jamie R. Kurtz
William Bornstein
Anne M. Lockner
Randall Tietjen
Robins Kaplan LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
mlueck@robinskaplan.com
tmahlum@robinskaplan.com
jgleason@robinskaplan.com
jkurtz@robinskaplan.com
wbornstein@robinskaplan.com
alockner@robinskaplan.com
rtietjen@robinskaplan.com

*Attorneys for Plaintiffs UnitedHealthcare of Florida, Inc., and All Savers Insurance Company*