UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:16–cv-81180–KAM

UNITEDHEALTHCARE OF FLORIDA, INC.
and ALL SAVERS INSURANCE COMPANY,

    Plaintiffs,

v.                                                        JURY TRIAL DEMANDED

AMERICAN RENAL ASSOCIATES, LLC and
AMERICAN RENAL MANAGEMENT LLC,

    Defendants.
_____/

**PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' AMENDED RULE 26(a)(1) DISCLOSURES OR, IN THE ALTERNATIVE, FOR ADDITIONAL DEPOSITIONS AND TO COMPEL DEFENDANTS TO NARROW THEIR AMENDED RULE 26(a) DISCLOSURES**

*FILED UNDER SEAL – REDACTED VERSION FILED PUBLICLY*

This lawsuit was filed on July 1, 2016, and the parties' initial Rule 26(a)(1) disclosures were due on September 12, 2016. Nevertheless, ARA failed to disclose *any* ARA-employed individuals in its Rule 26(a)(1) disclosures, despite repeated requests from United, until October 30, 2017—13½ months after those disclosures were due. ARA has been aware of the ARA employees and individuals involved in this litigation for many months, if not over a year. When ARA eventually served United with its belated, amended disclosures, ARA added an additional *73 individuals*—including 70 previously-undisclosed ARA employees and two ARA nephrologist joint-venture partners. At the time ARA finally made these untimely disclosures, the close of discovery was just seven weeks away. United had taken seven of its ten depositions (it has now taken eight) and had noticed the remaining two. The volume of newly disclosed individuals (and the vague descriptions ARA has used to "disclose" their knowledge), coupled with ARA's unexplained delay in making these required disclosures, has prejudiced United in this case. United moves to strike ARA's amended 26(a)(1) disclosures and prevent ARA from calling any of the newly-disclosed individuals as witnesses at trial. Alternatively, United requests that this Court order ARA to meaningfully narrow its disclosures to include only those witnesses it intends to call at trial and allow United to take up to eight additional depositions.

## ARGUMENT

**I.    The Court should strike ARA's amended Rule 26(a)(1) disclosures and prohibit ARA from calling any of the 73 belatedly-disclosed witnesses at trial.**

Rule 26 of the Federal Rules of Civil Procedure requires a party to provide to the other parties "the name … of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1). And a party who has made such a disclosure "must supplement or correct its disclosure . . . *in a timely manner* if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(emphasis added).

ARA did not comply with either of these rules. Instead, when ARA served its Rule 26(a)(1) initial disclosures on September 12, 2016, the only ARA employee ARA disclosed was its Chief Financial Officer, Jonathan Wilcox, despite being aware of ARA employees and individuals who likely had discoverable information regarding ARA's potential counterclaims and defenses to this lawsuit. (Ex. 1.) Three months later, on December 28, 2016, ARA supplemented its disclosures,

1

inexplicably *removed* Mr. Wilcox from them, and added 22 *United* employees, including high-ranking officers of UnitedHealth Group (an entity that is entirely irrelevant to this matter) and UnitedHealthcare who have no involvement in the issues at hand. (Ex. 2.) ARA did not identify any ARA employees in its "supplemented" disclosures. On June 16, 2017, as deposition discovery was getting underway, Plaintiffs asked ARA to supplement its initial disclosures under Rule 26(e)(1). (Ex. 3.) ARA had still not identified any ARA employees or individuals who it might use to support its claims or defenses. On June 19, 2017, however, ARA responded by refusing to supplement its disclosures. The sole basis ARA gave for refusing to identify any ARA employees was that it was "premature" for ARA to determine who it would call at trial. (Ex. 4.)

Then, on October 30, 2017, almost fourteen months after ARA served its initial disclosures, and after United had already deposed seven ARA witnesses (and noticed two others, plus the American Kidney Fund ("AKF")), ARA added Mr. Wilcox back to its list and disclosed an additional 73 individuals, including 70 ARA employees and two ARA nephrology partners (co-owners of the ARA joint ventures). (Ex. 5.) For the 70 ARA employees disclosed, ARA utilized just three different descriptions of the employees' respective knowledge, giving United no meaningful way to distinguish among the individuals.

"As a consequence for violating Rule 26, Rule 37 allows the Court to exclude a witness as a sanction unless the failure was either substantially justified or harmless." *Betancourt v. Mangual's Gen. Servs.*, 15-24691-Civ-KING/TORRES, 2017 U.S. Dist. LEXIS 108281, *6-7 (S.D. Fla. July 13, 2017) (citing *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009)); *see also Alvarado v. U.S.*, 2011 U.S. Dist. LEXIS 53181 at *3 (S.D. Fla. 2011) (striking untimely disclosed trial witnesses because non-disclosing party did not have chance to depose witnesses or develop trial strategy in light of their nondisclosures). And "[t]he burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." *Id.* (citations omitted). Here, ARA cannot meet that burden.

In determining whether the failure to disclose was justified or harmless, courts in the Eleventh Circuit consider "the non-disclosing party's explanation for its failure to disclose, the importance of the information, and any prejudice to the opposing party if the information had been admitted." *Lips v. City of Hollywood*, 350 F. App'x 328, 340 (11th Cir. 2009) (citing *Romero v. Drummond Co.*, 552 F.3d 1303, 1321 (11th Cir. 2008)). ARA has offered no explanation for its failure to disclose as required under Rule 26. On a phone call on November 7,

2

2017, United asked ARA for an explanation for its protracted delay of more than a year in serving the amended disclosures. ARA did not have a meaningful response. Rather, ARA suggested that because all 70 of the newly-disclosed ARA employees were custodians, United "had notice" of them earlier. United asked twice more, on November 9th and 20th, about why ARA had amended and served its Rule 26(a) disclosures so late, and after United had taken and noticed nearly all of its depositions. ARA responded on November 21 saying that United was aware of the individuals listed because they were listed as custodians and appear on documents. (Ex. 6, at 4–5.) But whether some of the individuals were custodians (and not all were),[1] does not tell United anything about whether ARA may use them "to support its claims or defenses," nor does it tell United what "the subject of" the information is that they have. This information is supposed to come from Rule 26(a) disclosures, which ARA never provided in a timely fashion (and still has not provided with any meaningful detail—sandbagging United at the eleventh hour with 73 "disclosed" individuals and vague form descriptions of the information they have). The information is also important—knowing which ARA employees ARA intends to rely upon is critical. And ARA disclosed *none* until now. As a result, United has been prejudiced.

Prejudice generally occurs when late disclosure deprives the opposing party of a meaningful opportunity to perform discovery and depositions related to the documents or witnesses in question. *See Clay v. Platinum Homes, Ltd. Liab. Co.*, No. 3:16-cv-31-MCR-GRJ, 2017 U.S. Dist. LEXIS 53911, at *4 (N.D. Fla. Mar. 8, 2017) (citation omitted). That is the case here—where United had already taken seven depositions and had three others noticed at the time of ARA's disclosure (and has since taken its eighth deposition).

In *Betancourt*, the court granted a party's request to exclude witnesses where the other party failed to disclose those individuals. *See Betancourt*, 2017 U.S. Dist. LEXIS 108281. The non-moving party that failed to disclose argued—as ARA does here—that the failure was "harmless" and that "there should be no surprise" in the witness's relevance the other party had "adequate time to conduct discovery" based on its awareness of the individuals. The court, however, rejected this argument finding it "unpersuasive." *Id.* at *10. The court also rejected the

---

[1] Tamika Miller (an admissions counselor), Lauren Genarelli (a social worker), Dr. Sunila Pandit, and Dr. Mohan Abraham (nephrologists in the Belle Glade clinics) were not custodians. ARA additionally disclosed Dr. Muthuswami Ramachandran as a nephrologist with discoverable information. United itself disclosed Dr. Ramachandran in its Rule 26(a) disclosures and there is no reason that ARA was not similarly aware of his involvement at the same time.

argument that because the witnesses were referenced in documents and depositions, there was no harm, stating: "[t]he rules requiring disclosure—which require identification and information about them—exist to avoid forcing parties into guessing games, and so the parties have the opportunity to conduct meaningful discovery, including by deposing potential witnesses." *Id*. at *12 (internal citations omitted). The court went on to add: "A party's identification of a person as knowledgeable about the facts in a case has *unique* import, allowing the parties to focus on those an opposing party and their counsel specifically identify in initial disclosures and interrogatories." *Id.* at *12-13 (quoting *Godwin v. Wellstar Health Sys., Inc*., 2015 U.S. Dist. LEXIS 156720 at *2 (N.D. Ga. Nov. 19, 2015)). The same logic holds true here and, likewise, ARA should not be allowed to call them at trial.

ARA's decision to ignore the requirements of Rule 26 until it suited ARA's own purposes is a clear violation of the federal rules that has caused prejudice to United and should not be condoned by this Court. United respectfully requests that this Court strike ARA's Rule 26(a)(1) amended disclosures and prohibit ARA from calling any of the newly-disclosed witnesses at trial.

> II. **Alternatively, ARA should be ordered to narrow its disclosures to reflect only those individuals it is likely to call at trial and United should be allowed to depose additional witnesses.**

Alternatively, the Court may "impose other appropriate sanctions," including ordering ARA to produce newly-disclosed witnesses for additional depositions. *See Clay*, 2017 U.S. Dist. LEXIS 53911 at *10 (ordering an additional 30(b)(6) deposition of a corporate representative due to defendant's failure to disclose a witness in its Rule 26(a)(1) disclosures). ARA now has disclosed 70 ARA employees—all of whom are listed as having one of just three different descriptions of knowledge. Therefore, in light of ARA's delay in disclosing its witnesses and the inability of United to meaningfully distinguish among the individuals, the Court should compel ARA to amend and narrow its disclosures to include only those that it likely intends to call at trial, provide meaningful descriptions of their specific knowledge, and allow United the ability to depose up to eight of those individuals at ARA's expense. After all, United should have had the benefit of knowing who ARA intended to rely on when United set its litigation and discovery strategy. Because United was deprived of the insight Rule 26(a) was designed to require ARA to provide, the only way to remedy the prejudice ARA has caused is to grant United more depositions at ARA's expense.

4

Here, United has taken the following depositions without having any Rule 26(a) guidance from ARA:

- Jennifer Cordeiro: Ms. Cordeiro oversaw ARA's reimbursement and "patient education" program and pled the Fifth Amendment during her deposition;
- John McDonough: Mr. McDonough (Ms. Cordeiro's husband) was ARA's COO and determined how much ARA would donate to AKF each month;
- Cory Emerson: Mr. Emerson was an admissions coordinator who, upon his resignation, ▮
- Tamara Arsenault: Ms. Arsenault was an admissions coordinator who ▮;
- Nermina Boulay: Ms. Boulay was Ms. Arsenault's boss and, ▮
- Amie Constant: Ms. Constant was a peer of Ms. Boulay and ▮;
- Allison Blagg: Ms. Blagg is an ARA social worker who ▮ and
- Jonathan Wilcox: Mr. Wilcox is ARA's CFO and was designated as ARA's Rule 30(b)(6) witness.

In addition, United has noticed the depositions of the AKF and ARA's CEO Joe Carlucci who ▮ (DE 251, Ex. 6.) Nevertheless, ARA identified only four of these ten individuals on its belated disclosures. United has the right to take additional depositions with the benefit of the insight and information provided by properly-served Rule 26(a) disclosures.

## CONCLUSION

For the reasons set forth herein, United respectfully requests that this Court grant its motion to prohibit ARA from calling at trial any of the individuals who it has now disclosed without justification. Alternatively, United requests that this Court order ARA to narrow its amended disclosures to reflect only those individuals ARA plans to call at trial, and allow United to take up to eight additional depositions beyond those it has already taken and noticed.

5

                                                  Respectfully submitted,

Dated: November 27, 2017         By: *s/Michael R.Whitt*
                                                  Michael R. Whitt (Fla. Bar No. 0725020)
                                                  mwhitt@robinskaplan.com
                                                  Robins Kaplan LLP
                                                  711 Fifth Avenue South, Suite 201
                                                  Naples, FL 34102
                                                  T: (239) 430–7070
                                                  F: (239) 213–1970

                                                  Martin R. Lueck (admitted *pro hac vice*)
                                                  Thomas C. Mahlum (admitted *pro hac vice*)
                                                  Anne M. Lockner (admitted *pro hac vice*)
                                                  Jeffrey S. Gleason (admitted *pro hac vice*)
                                                  Jamie R. Kurtz (admitted *pro hac vice*)
                                                  William Bornstein (admitted *pro hac vice*)
                                                  Robins Kaplan LLP
                                                  2800 LaSalle Plaza
                                                  800 LaSalle Avenue
                                                  Minneapolis, MN 55402–2015
                                                  T: (612) 349–8500
                                                  F: (612) 339–4181
                                                  mlueck@robinskaplan.com
                                                  tmahlum@robinskaplan.com
                                                  alockner@robinskaplan.com
                                                  jgleason@robinskaplan.com
                                                  jkurtz@robinskaplan.com
                                                  wbornstein@robinskaplan.com

                                                *Attorneys for Plaintiffs UnitedHealthcare of Florida, Inc. and All Savers Insurance Company*

## STATEMENT OF COMPLIANCE WITH L.R. 7.l(a)(3)

Pursuant to Local Rule 7.1(a)(3), counsel for United certifies that counsel has conferred with the parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues raised in this motion and has been unable to do so.

## REQUEST FOR HEARING

Under Local Rule 7.1(b), Plaintiffs respectfully request a hearing on this motion take place so that additional argument may be heard and evidence presented. Plaintiffs estimate that the hearing on this motion will take thirty (30) minutes.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed under seal (with service via email to counsel listed below) and electronically on November 27, 2017 with the Clerk of Court using the CM/ECF system, thereby sending a notice of electronic filing to all counsel of record on the service list below.

*s/Michael R. Whitt*
Michael R. Whitt (Fla. Bar No. 0725020)

## SERVICE LIST

Matthew I. Menchel (Florida Bar No. 12043)
matthew.menchel@kobrekim.com
Andrew C. Lourie (Florida Bar No. 87772)
andrew.lourie@kobrekim.com
Adriana Riviere-Badell (Florida Bar No. 30572)
adriana.riviere-badell@kobrekim.com
Laura Maria Gonzalez-Marques
laura.gonzalez@kobrekim.com
Kobre & Kim LLP
2 South Biscayne Boulevard
35th Floor
Miami, FL 33131

Danielle S. Rosborough, admitted *pro hac vice*
danielle.rosborough@kobrekim.com
Kobre & Kim LLP
1919 M Street, NW
Washington, D.C. 20036

Clinton J. Dockery, admitted *pro hac vice*
clinton.dockery@kobrekim.com
Kobre & Kim LLP
800 Third Avenue
New York, NY 10022

*Attorneys for Defendants American Renal Associates LLC
and American Renal Management LLC*

88554521.1