UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 16-cv-81180-Marra/Matthewman

UNITEDHEALTHCARE OF FLORIDA, INC.,
et al.,

    Plaintiffs,

vs.

AMERICAN RENAL ASSOCIATES LLC,
et al.,

    Defendants.
_____/



# ORDER DENYING PLAINTIFFS' MOTION TO COMPEL DEFENDANTS TO PRODUCE THE DOCUMENTS AND COMMUNICATIONS THEY HAVE EXCHANGED WITH AKF'S COUNSEL AND OTHERS RELATING TO THIS MATTER [DEs 326, 327]

THIS CAUSE is before the Court upon Plaintiffs, UnitedHealthcare, Inc. and All Savers Insurance Company's (collectively, "Plaintiffs") Motion to Compel Defendants to Produce the Documents and Communications They Have Exchanged with AKF's Counsel and Others Relating to This Matter ("Motion") [DEs 326, 327]. This matter was referred to the undersigned by United States District Judge Kenneth A. Marra. *See* DE 62. Defendants, American Renal Associates, LLC, and American Renal Management, LLC (collectively, "Defendants"), filed a response to the Motion [DE 331], Plaintiffs filed a reply [DEs 335, 336], Defendants filed a sur-reply [DEs 342, 343], and Plaintiffs filed a sur-sur-reply [Des 354, 355].

The Court held a hearing on the Motion on November 28, 2017. At the hearing, the Court requested that Defendants submit for *in camera* review two written common interest agreements

1

and a clawed-back document discussed in the briefs. Defendants submitted the requested documents at the conclusion of the hearing. The Court has carefully reviewed these documents *in camera*. This matter is now ripe for review.

## I. BACKGROUND

In their Fourth Set of Requests for Production, Plaintiffs are seeking communications between Defendants' counsel and counsel for the American Kidney Fund, as well as communications between Defendants' counsel and counsel for former employees of American Renal Associates, LLC, John McDounough and Jennifer Cordeiro. [DE 326, p. 2]. Plaintiffs argue that they need the documents so that they can discover if Defendants have been working to influence the testimony of former employees, have been feeding information to and coordinating efforts with a third party, and/or have been providing relevant documents to these third parties that they have not provided to Plaintiffs. [DE 335, p. 5]. Defendants argue that the documents sought are disproportionate under Rule 26(b)(1) and are protected by the work-product and attorney-client privileges, and that the common interest exception applies. [DE 331, pp. 4-5; DE 340, pp. 2-3].

## II. ANALYSIS

### a. Proportionality

Federal Rule of Civil Procedure 26(b)(1) states that the scope of discovery is as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

2

Fed. R. Civ. P. 26(b)(1).

The discovery sought by Plaintiffs is not routine; rather, it is quite extraordinary. Plaintiffs seek correspondence and material created by Defendants' counsel after the commencement of this federal lawsuit. This correspondence and material is between Defendants' attorneys and attorneys for non-parties who apparently are potential witnesses in this litigation. Parties do not typically seek post-litigation communications of opposing counsel. In fact, our Local Rules recognize that post-litigation materials are normally privileged and that no privilege log is even required for such materials. *See* S.D. Fla. L.R. 26.1(e)(2)(C). In order for such discovery, which would inevitably implicate the attorney-client and work-product privileges, to be appropriate, a party would have to be able to make a showing that such discovery is relevant and proportionate.

Here, however, Plaintiffs have provided nothing more than mere speculation as a basis for seeking post-litigation communications between Defendants' counsel and the counsel of three non-parties. Plaintiffs simply make unsupported suppositions that the communications <u>might</u> show that Defendants have tried to influence the testimony of former employees, or have been feeding information to and coordinating efforts with a third party, or have been providing relevant documents to these third parties that they have not provided to Plaintiffs. Plaintiffs have provided no evidence or even a proffer to support their claims. Plaintiffs' effort to obtain the post-litigation correspondence and documents of Defendants' counsel seems to be nothing more than an improper fishing expedition based upon mere speculation. There is simply nothing in the record to support any finding that the post-litigation correspondence and documents Plaintiffs seek were in any way improper. Additionally, the fact that Defendants' counsel have been communicating

3

with counsel for the AKF, counsel for Ms. Cordeiro, and counsel for Mr. McDonough, and not directly with the non-parties, adds further support for Defendants' assertion that the communications were proper and not for an untoward purpose. In sum, after considering all of the relevant factors under Rule 26(b)(1)[1], the Court finds that the discovery sought is not proportionate.

The Court must also take a moment here to note that this is a case in which Plaintiffs' approach to the discovery process appears, at least in part, to be designed to seek discovery which is outside of the confines of Rule 26. Plaintiffs have, for example, propounded 112 requests for admission, four sets of requests for production, and a multitude of other discovery requests. Additionally, Defendants have already produced thousands and thousands of pages of documents. The Court has had to preside over so many discovery disputes in this case that it has lost count. The Court is not finding that these discovery disputes are all the fault of Plaintiffs. In fact, as the Court has noted on prior occasions, Defendants share some of the blame for the unnecessary and petty discovery disputes that continually arise in this case. But, in regard to the pending motion, the Court would be remiss if it did not note the excessively broad discovery that Plaintiffs have, at times, sought since the inception of the discovery process in this case, as the instant motion is a further example of that behavior.

b. **Work Product and Common Interest Privileges**

Even if Plaintiffs' discovery request were proportionate, the responsive post-litigation documents are, nonetheless, protected by the attorney-client privilege, as the common interest

---

[1] These factors include the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

4

exception[2] applies. The documents are also protected by the work-product privilege. These findings are not difficult for the Court to make in light of the facts presented to the Court.

But it also must be said that Defendants' counsel unnecessarily contributed to the pending discovery dispute regarding the privileged materials. When responding to Plaintiffs' Fourth Requests for Production, Defendants asserted a general claim of privilege and did not specify the privilege being claimed. Further, when requested by Plaintiffs to clarify their privilege claim, Defendants stubbornly and steadfastly refused to specify the privilege being asserted. This type of behavior is simply unacceptable. Defendants should have explained to Plaintiffs' counsel that Defendants were withholding the documents based on the work product doctrine and the common interest exception to the attorney-client privilege the very first time Plaintiffs' counsel inquired about the issue. Unfortunately, this did not happen. Further, Defendants' failure to disclose the specific privileges being claimed caused the briefing on Plaintiffs' Motion to become unnecessarily voluminous and time-consuming.

At the hearing, Defendants' counsel sought to justify this sleight of hand approach. The Court rejects Defendants' counsel's argument as to the justification for not promptly advising Plaintiffs' counsel of the specific privileges being claimed. In the future, such conduct may very well result in waiver of the privilege or sanctions. The Court expects all counsel in this case to confer in good faith every single time a discovery dispute arises. However, based on both parties' recital of the facts that led up to Plaintiffs' filing of the Motion, the mutual mistrust the parties'

---

[2] "Under the 'common legal interest' or 'joint defense' doctrine, communications between parties with separate counsel who share a common legal interest are protected by the attorney-client privilege." *Sun Capital Partners, Inc. v. Twin City Fire Ins. Co.*, No. 12-81397-CIV, 2015 WL 1860826, at *6 (S.D. Fla. Apr. 22, 2015) (citing *MapleWood Partners, L.P. v. Indian Harbor Ins. Co.*, 295 F.R.D. 550, 594, 606 (S.D. Fla. 2013).

counsel seem to have for each other, and the wording of Defendants' objections in their response to the Fourth Request for Production, the Court finds that Defendants have not waived any privilege. *See* DE 331-3.

With regard to the work product privilege, Federal Rule of Civil Procedure 26(b)(3)(A) states that "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P. 26. Here, where only post-litigation communications are at issue, they will most likely be protected by the work product doctrine.

Moreover, the Court has reviewed *in camera* the written common interest agreement between Defendants and Mr. McDonough's counsel, Skadden Arps, Slate, Meagher & Flom LLP. The common interest agreement is dated March 16, 2017, is executed by all parties and appears to be legitimate and applicable to the communications requested by Plaintiffs. The Court has also reviewed *in camera* the written common interest agreement between Defendants' counsel and Ms. Cordeiro's counsel, Brune Law P.C. That common interest agreement is dated February 3, 2017, is executed by all parties and also appears to be legitimate and applicable to the communications requested by Plaintiffs. The two written agreements are also consistent with the Declarations submitted by Defendants. [DEs 343-2, 343-3]. They also appear to be consistent with the representations of Defendants' counsel.

The Court has additionally reviewed the correspondence from Jeffrey J. Bushofsky, Esq., of Ropes and Gray LLP dated October 30, 2017. [DE 343-1]. Mr. Bushofsky, counsel for the American Kidney Fund, represents in the correspondence that Ropes and Gray LLC, on behalf of

the AKF, has an oral agreement with Defendants, through their counsel, that "communications and documents exchanged between, or involving, counsel for the American Kidney Fund and counsel for ARA are privileged under the common interest doctrine." *Id.* at p. 1. Mr. Bushofsky also represents that the agreement has been in place "since counsel for the American Kidney Fund and counsel for ARA began communicating regarding this matter after the American Kidney Fund learned of United's lawsuit in July 2016." *Id.* at pp. 1-2. The Court has no reason to doubt the veracity of the correspondence, or of counsel's representations, and Plaintiffs have not provided any evidence whatsoever to contradict Mr. Bushofsky's assertions. All of the communications at issue would be protected under the attorney-client privilege as the common interest exception applies.

Thus, the Court finds that, even if Plaintiffs' request for post-litigation communications between Defendants' counsel and the counsel of the three non-parties was, in fact, proportionate under Rule 26(b)(2), which it is not, the post-litigation communications are clearly protected by the work-product privilege and the attorney-client privilege, as the common interest doctrine applies.

### c. No Privilege Log is Required

At the hearing on the Motion, Defendants represented that they have produced all responsive pre-litigation communications and that they have only withheld post-litigation communications. Local Rule 26.1(e)(2)(C) states that no privilege log is required for attorney-client communications or work product material that post-date commencement of the action. Therefore, no privilege log is required here.

7

### d. Clawed-back Document

In the Motion, Plaintiffs argue that the document Defendants clawed back on August 24, 2017, an analysis of employee evaluations and bonuses created at the direction of attorneys in response to the litigation, is not privileged. [DE 326, p. 6]. In response, Defendants argue that Plaintiffs must honor their claw back of work product and that the cover sheet and the selection of particular employee evaluations are work product. [DE 331, p. 5]. In reply, Plaintiffs contend that the evaluations that Defendants clawed back were created before litigation was contemplated, so they cannot be protected by the work product doctrine. [DE 335, p. 5].

The Court has reviewed the documents with Bates stamp numbers ARALLC-MD-1893 through ARALLC-MD-001916. At the discovery hearing on the Motion, Defendants argued that the evaluations either are not responsive to any discovery request or have already been produced. However, these arguments are not relevant to the Court's determination of whether the documents are privileged or not. The Court finds that the analysis of employee evaluations and bonuses is, in fact, a work product privileged document and was, therefore, properly clawed back. Additionally, while the individual evaluations attached to the analysis of employee evaluations and bonuses were created before Defendants anticipated litigation, Defendants' decision to select those particular individual evaluations to use in the analysis makes them work product protected documents. Requiring production of the selected evaluations attached to the clawed-back analysis would disclose Defendants' strategies and case preparation.

### III. CONCLUSION

Based on the foregoing, it is hereby **ORDERED** that Plaintiffs' Motion to Compel Defendants to Produce the Documents and Communications They Have Exchanged with AKF's

Counsel and Others Relating to This Matter [DEs 326, 327] is **DENIED**.

Further, the Court has carefully considered whether it should impose sanctions or cost-shifting against Plaintiffs and their counsel under Federal Rule of Civil Procedure 37(a)(5)(B) in light of the fact that the Court has denied Plaintiffs' Motion. However, in light of Defendants' counsel's refusal to timely clarify Defendants' specific claims of privilege, the Court believes that such an award in favor of Defendants and against Plaintiffs and their counsel would be unjust. Had Defendants' counsel immediately notified Plaintiffs' counsel of Defendants' specific privilege claims and the facts giving rise to those privilege claims, and had Plaintiffs and their counsel nonetheless persisted in their Motion, the Court would have, upon denial of Plaintiffs' Motion, ordered both Plaintiffs and their counsel to pay all of the costs, expenses, and attorney's fees incurred by Defendants in litigating the Motion. But, under the facts and circumstances of this Motion, the Court shall not award such fees, costs, or expenses to any party.

The Court is again advising the parties and their counsel that it will carefully evaluate the imposition of sanctions or cost-shifting in regards to all future discovery motions and impose them when appropriate on any offending party and that party's counsel.

**DONE and ORDERED** in Chambers this 7th day of December, 2017, at West Palm Beach, Palm Beach County in the Southern District of Florida.

*William Matthewman*
WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE

9