UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 16-81180-CIV-Marra/Matthewman

UNITEDHEALTHCARE OF FLORIDA, INC.,
and ALL SAVERS INSURANCE COMPANY,

Plaintiffs,

vs.

AMERICAN RENAL ASSOCIATES LLC and,
AMERICAN RENAL MANAGEMENT LLC,

Defendants.

_____/



FILED by _____ D.C.

FEB 0 5 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO STRIKE [DEs 375, 376]

THIS CAUSE is before the Court upon Plaintiffs, UnitedHealthcare of Florida, Inc., and

All Savers Insurance Company's ("Plaintiffs") Motion to Strike Defendants' Amended Rule

26(a)(1) Disclosures or, in the Alternative, for Additional Depositions and to Compel Defendants

to Narrow Their Amended Rule 26(a) Disclosures ("Motion") [DEs 375, 376]. This matter was

referred to the undersigned by United States District Judge Kenneth A. Marra. *See* DE 62.

Defendants, American Renal Associates LLC and American Renal Management LLC

("Defendants") have filed a Response [DEs 382, 383], and Plaintiffs have filed a Reply [DEs 386,

389].

### BACKGROUND

On December 21, 2017, the Court entered an Order [DE 390] which denied Plaintiffs'

Motion to the extent that Plaintiffs sought an Order striking Defendants' amended Rule 26(a)(1)

1

disclosures and prohibiting Defendants from calling any of the 73 witnesses at issue. The Court reserved ruling on the balance of the Motion.[1] *Id.* The Court also required that the parties personally confer in good faith as to each and every of the 73 witnesses at issue, that Defendants then serve an amended Rule 26(a)(1) disclosure, that Plaintiffs next file a supplement to their Motion stating whether they wish to take any additional depositions of Defendants' witnesses, that Defendants file a response to Plaintiffs' supplement, and, finally, that Plaintiffs file a reply to Defendants' response. *Id.* The parties requested two extensions to comply with the Court's Order, and those extensions were granted. [DEs 392, 393, 396, and 397].

Plaintiffs filed their Supplemental Memorandum in Support of Their Motion for Leave to Take Additional Depositions [DE 400] on January 22, 2018. Defendants filed their Opposition to Plaintiffs' Supplemental Memorandum for Leave to Take Additional Depositions [DE 408] on January 24, 2018. Plaintiffs filed their Supplemental Reply in Support of Their Motion for Leave to Take Additional Depositions [DE 413] on January 26, 2018.

The Court has carefully considered all of the relevant filings in this case, including the email correspondence between the parties' counsel that is attached to Defendants' Opposition to Plaintiffs' Supplemental Memorandum for Leave to Take Additional Depositions. The matter is now ripe for review.

## ANALYSIS

The Court first finds that a hearing on this matter is not necessary as the matter has been fully briefed, and oral argument would not assist the Court. Given the prolonged discovery process and constant discovery disputes in this case, the Court wants to cut to the heart of this

---

[1] The Court assumes familiarity with its previous Order at Docket Entry 390.

specific discovery dispute and promptly resolve the matter.

Plaintiffs first argue that they should be permitted to take four additional depositions because "the only way to remedy the prejudice that results from ARA's flagrant violation of Rule 26(a) is to either prelude ARA from calling the late-disclosed employees as witnesses (which the Court has denied) or allow United to depose a small fraction of them." Plaintiffs are correct that the Court has already denied the Motion to the extent that it seeks an Order striking Defendants' amended Rule 26(a)(1) disclosures and prohibiting Defendants from calling any of the 73 witnesses at issue. *See* DE 390. The reasons for this Court's decision not to strike Defendants' amended Rule 26(a)(1) disclosures and not to preclude Defendants' witnesses were discussed in its prior Order [DE 390] and will not be re-addressed in this Order.

The remaining issue concerns Plaintiffs' request to take additional depositions. Plaintiffs contend that they need to take four additional depositions due to Defendants' allegedly untimely Rule 26(a)(1) disclosures. Conversely, Defendants argue that Plaintiffs have not met their burden to establish a need to take more than ten depositions pursuant to Rule 30 and the relevant case law.

Federal Rule of Civil Procedure 30 permits a party to take up to ten depositions without leave of court. If a party wishes to take *more* than ten depositions, she must seek leave of court. Fed.R.Civ.P. 30(a)(2)(A)(i). If a court grants a party leave to conduct more than ten depositions, it must do so in a manner consistent with Federal Rule of Civil Procedure 26(b)(2). Fed.R.Civ.P. 30(a)(2)(A)(i). Rule 26(b)(2)(C) requires the court to determine whether: (1) the additional discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" (2) "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action;" or (3)

3

"the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed.R.Civ.P. 26(b)(2)(C)(i)-(iii). Additionally, "[c]ourts have construed Rule 30(a)(2)(A) ... to require a party seeking leave of court to exceed the [ten]-deposition limitation to justify the necessity of each deposition *previously taken* without leave of court." *AIG Centennial Ins. Co. v. O'Neill*, No. 09–60551, 2010 WL 4116555, *16 (S.D.Fla. Oct. 18, 2010) (emphasis in original). "The Court has discretion to permit or deny the requested depositions." *Procaps S.A. v. Patheon Inc.*, No. 12-24356-CIV, 2015 WL 2090401, at *4 (S.D. Fla. May 5, 2015).

After carefully reviewing the facts and applying the applicable law, the Court finds that Plaintiffs should be permitted to take the four additional depositions requested in their Supplemental Memorandum in Support of Their Motion for Leave to Take Additional Depositions [DE 400, p. 2-3]. While Plaintiffs may not have specified the exact individuals they plan to depose, they have provided sufficient specificity. Additionally, the Court takes into consideration that the discovery deadline in this case has not yet been reached and is currently set for February 20, 2018. Further, the expert discovery deadline is March 20, 2018, and the trial is set for October 29, 2018, see DE 351. The Court also anticipates that the parties may seek to extend the discovery period further given the history of this case. In sum, based upon all of the facts of this case, and in the interest of justice, the Court shall provide Plaintiffs with the opportunity to take four additional depositions as they have met their burden under Rule 30 and the relevant case law, discovery has not yet closed, and this is clearly not a situation where any party is lacking in the resources to take and/or defend additional depositions. None of the parties in this case will be

4

prejudiced by this ruling.

Finally, the Court notes that, in reviewing the email correspondence between Plaintiffs' counsel and Defendants' counsel, it appears that, on at least two occasions, Defendants' counsel suggested to Plaintiffs' counsel that the parties resolve this discovery dispute by agreeing that both sides be permitted to take some additional depositions. Quite frankly, the Court views this as a very reasonable proposal in light of the numerous contentious discovery disputes which have repeatedly occurred in this case and the complicated factual scenario underlying this lawsuit. Although Defendants have not explicitly requested court permission to take additional depositions and have not provided argument in compliance with Rule 30 and the relevant case law, this Court will allow Defendants five (5) calendar days from the date of this Order to file a motion seeking leave to take up to four additional depositions, if they wish to do so and if they meet the requirements of Rules 30(a)(2)(A)(i) and 26(b)(2)(C) and the applicable case law.[2]

Based on the foregoing, it is hereby ORDERED and ADJUDGED as follows:

1. Plaintiffs' Motion to Strike Defendants' Amended Rule 26(a)(1) Disclosures or, in the Alternative, for Additional Depositions and to Compel Defendants to Narrow Their Amended Rule 26(a) Disclosures [DEs 375, 376] is GRANTED to the extent that Plaintiffs shall be permitted to take four additional depositions as detailed in their Supplemental Memorandum in Support of Their Motion for Leave to Take Additional Depositions [DE 400, p. 2-3].

---

[2] The parties may also confer and come to an agreement to permit Defendants leave to take four additional depositions if they wish to do so. If the parties can so agree, then Defendants shall promptly file an unopposed motion to take four additional depositions. If the parties cannot so agree, then Defendants shall file any motion for leave to take up to four additional depositions within five (5) calendar days of the date of this Order, Plaintiffs shall file a response within five (5) calendar days of the filing of Defendants' motion, and Defendants shall file a reply within three (3) calendar days of the filing of Plaintiffs' response.

2. Plaintiffs shall properly and promptly notice the depositions and complete them before the expiration of the discovery cut-off date, which is currently set for February 20, 2018. Should all or any of the parties desire to extend the discovery cut-off date, they shall confer and promptly file such motion promptly for consideration by the Court.

3. If Defendants wish to take up to four additional depositions, they may file a motion to that effect within five (5) calendar days of the date of this Order, advise whether it is opposed or unopposed, and specifically state in the motion why the limit of ten depositions should be increased, what depositions Defendants have already taken and whether they were necessary, and what additional depositions Defendants are seeking to take in accordance with *Madison v. Jack Link Assocs. Stage Lighting & Prods., Inc.*, 297 F.R.D. 532, 535 (S.D. Fla. 2013) and Federal Rule of Civil Procedure 30(a)(2)(A). As specified in footnote 1, if Defendants' motion is opposed, Plaintiffs shall file a response within five (5) calendar days of the filing of Defendants' motion, and Defendants shall file a reply within three (3) calendar days of the filing of Plaintiffs' response.

**DONE and ORDERED** in Chambers this 5th day of February, 2018, at West Palm Beach, Palm Beach County in the Southern District of Florida.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE