**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 9:16-cv-81180-KAM**

UNITEDHEALTHCARE OF FLORIDA,
INC., and ALL SAVERS INSURANCE CO.,

                Plaintiffs,

    v.

AMERICAN RENAL
ASSOCIATES LLC, and AMERICAN
RENAL MANAGEMENT LLC

                Defendants.
_____/

**DEFENDANTS' MOTION FOR LEAVE TO TAKE ADDITIONAL DEPOSITIONS**

*FILED UNDER SEAL – REDACTED VERSION FILED PUBLICLY*

American Renal Associates LLC and American Renal Management LLC (collectively, "ARA"), pursuant to Rule 30(a)(2)(A) and the Court's February 5, 2018 order (D.E. 418), respectfully move for leave to take four additional depositions for the reasons described below.

## I. United Refused to Consent to ARA Taking Additional Depositions

On February 5, 2018, the Court issued an order granting Plaintiffs UnitedHealthcare of Florida Inc. and All Savers Insurance Company's (collectively "United") motion for leave to take four additional depositions. (DE 418 at 5). The Court, noting that ARA had proposed that each side take additional depositions during the meet and confer on United's motion, also directed ARA to file a motion for leave to take additional depositions within five calendar days from the date of the order if ARA wished to take additional depositions and to advise whether United opposed ARA's motion. (*Id.*). United, however, would not consent to ARA taking *any* additional depositions, much less the four additional depositions described below.

## II. ARA Should Be Granted Leave to Take Four Additional Depositions

ARA seeks leave to take four additional depositions to elicit testimony regarding the following topics:

1) A witness such as Carol Lara, a Registered Nurse who works in United's Kidney Resource Service group, Kiva Jasmine, a Senior Clinical Administrative Coordinator, or someone similar who can testify as to United's direct communications with patients at issue and policies related to such communications (i.e., whether United was engaged in the same "steering" it accuses ARA of).

2) A witness such as Darren Moquist, Chief Financial Officer, UnitedHealthcare, Employer and Individual, or someone similar who can testify as to the financial impact on United from (i) permitting the patients at issue to continue treating at ARA, either pursuant to approved gap exception requests or in accordance with out-of-network benefits, (ii) steering the patients to in-network providers, or (iii) terminating members whose premiums were paid by a third-party; and United's ▮▮▮▮▮▮▮▮▮▮▮▮

3) A witness such as Jeffrey Lucht, Senior Vice-President, UnitedHealthcare, Faith Nixt, a program manager with UnitedHealthcare, or someone similar who can testify to United's damages calculations and related spreadsheets United recently disclosed.

4) A witness such as Matthew Shelley, a Senior Vice-President, Clinical Coverage Review, UnitedHealthcare, Sanford Cohen, a regional Chief Medical Officer, or someone similar who can testify as to United's clinical policies regarding (i) ESRD patients; (ii) geographic gap exceptions or approval to use out-of-network benefits and whether, and if so, how, United's policies related to such requests have changed

1

> over the course of the applicable discovery period; and (iii) related claim issues. United identified Shelley in its initial disclosures as having knowledge of such policies, and its deponents and document production have identified Cohen as having involvement in applying United's clinical policies to patients at issue.

ARA's request is consistent with its previously stated position that each side be granted leave to take additional depositions, which the Court noted was "a very reasonable proposal in light of the numerous contentious discovery disputes which have repeatedly occurred in this case and the complicated factual scenario underlying this lawsuit." (D.E. 418 at 5).

ARA's requests for additional depositions further satisfies Federal Rule of Civil Procedure 30.  Under Rule 30, a party may take more than ten depositions by stipulating with its adversary or obtaining leave of court.  Fed. R. Civ. P. 30(a)(2)(A)(i).  Motions for leave to take additional depositions should be granted unless (1) the additional discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" (2) "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action;" or (3) "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).  Rule 30 also "require[s] a party seeking leave of court to exceed the ten-deposition limitation to justify the necessity of each deposition *previously taken* without leave of court."  *Madison v. Jack Link Assocs. Stage Lighting & Prods., Inc.*, 297 F.R.D. 532, 535 (S.D. Fla. 2013) (emphasis in original).

ARA's request for additional depositions is justified.  Deposing these witnesses will allow ARA to elicit non-cumulative testimony on subjects about which United witnesses deposed to date  ARA has not had opportunity, let alone ample opportunity, to obtain this information.

The same considerations that prompted the Court to grant United leave to depose additional witnesses apply here—the discovery deadline has not passed, this dispute involves

complicated facts that necessitate additional deponents, and there is no prospect for undue burden or expense, particularly given United's substantial resources. (D.E. 418 at 4-5).

The ten depositions ARA has completed, noticed, or requested further support ARA's request for additional depositions. ARA selected each deponent to obtain information to develop its defenses and test whether United can establish the elements of its claims:

1) **United's Rule 30(b)(6) Corporate Representative**: ARA deposed United's designated corporate representative, Jeffrey Lucht, a Senior Vice President of UnitedHealthcare, on November 17, 2017. In his deposition, ARA sought to establish ▮▮▮

2) **Keri Brennan**: ARA deposed Brennan, the "Project Manager" for United's investigation into the alleged scheme and related third-party payment issues, on December 8, 2017. In her deposition, ▮▮▮

3) **Greg Dosedel**: ARA deposed Dosedel, the Vice-President, National Ancillary Contracting & Strategy for UnitedHealthcare Networks, on January 17, 2018. ▮▮▮

**4)** **Justin Sibiski**: ARA deposed Sibiski, the Senior Network Contract Manager for UnitedHealthcare Networks, on January 30, 2018. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**5)** **Rick Munson**: ARA was scheduled to depose Munson, Vice-President, UnitedHealthcare Investigations, on February 6, 2018. United postponed his deposition due to illness and have not yet provided a new date. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**6)** **Rick Ramsay**: ARA is scheduled to depose Ramsay, Vice-President of Exchange Strategy and Advocacy on February 13, 2018. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**7)** **Jeffrey Alter**: As part of an agreement between the parties, ARA will depose Alter, UnitedHealthcare's Chief Executive Officer, Employer & Individual, on February 16, 2018. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**8)**     **Mayrene Hernandez**: ARA will depose Hernandez, a physician and Medical Director, Florida SE Region, with UnitedHealthcare, on March 16, 2018. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

**9)**     **Kelly Gilbertson**: ARA will depose Gilbertson, a former Vice-President, Payment Integrity, with UnitedHealthcare, on a yet-to-be-determined date. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

**10)**    **Heather Lang-Jacobsen**: ARA seeks to depose Lang-Jacobsen, Senior Associate General Counsel for UnitedHealthcare. United objects to producing Ms. Lang-Jacobsen as a deponent. United has repeatedly identified its in-house counsel—including Ms. Lang-Jacobsen—as the people with knowledge regarding United's implementation, interpretation, and selective enforcement of the third-party prohibition. If the parties are unable to resolve their dispute, ARA will likely move to compel Lang-Jacobsen's deposition ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

The testimony ARA has sought or will seek from the above witnesses is relevant to the claims and defenses at issue in this dispute and proportional to the needs of the case. Given the wide range of roles and responsibilities for each of the above ten deponents and the four additional witnesses ARA seeks to depose, the risk of cumulative testimony has been reasonably minimized and it is in the interests of justice that ARA obtain leave to take additional depositions.

## CONCLUSION

For the foregoing reasons, ARA respectfully requests that the Court grant ARA leave to take four additional depositions consistent with Rule 30 and other applicable law.

Dated: February 12, 2018

Respectfully submitted,

By: *s/ Matthew Menchel*
Matthew I. Menchel (Florida Bar No. 12043)
matthew.menchel@kobrekim.com
Andrew C. Lourie (Florida Bar No. 87772)
andrew.lourie@kobrekim.com
Adriana Riviere-Badell (Florida Bar No. 30572)
adriana.riviere-badell@kobrekim.com
Laura M. Gonzalez (Florida Bar No. 74358)
Laura.Gonzalez@kobrekim.com
Kobre & Kim LLP
201 South Biscayne Boulevard
Suite 1900
Miami, Florida 33131
T: +1 305 967 6100
F: +1 305 967 6120

Danielle S. Rosborough, admitted *pro hac vice*
danielle.rosborough@kobrekim.com
Kobre & Kim LLP
1919 M Street, NW
Washington, D.C. 20036
T: +1 202 664 1984

Clinton J. Dockery, admitted *pro hac vice*
clinton.dockery@kobrekim.com
Joseph W. Slaughter, admitted *pro hac vice*
joe.slaughter@kobrekim.com
Kobre & Kim LLP
800 3rd Avenue
New York, NY 10022
T: +1 212 488 1275

*Attorneys for Defendants American Renal Associates LLC and American Renal Management LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served on February 12, 2018 via electronic mail on counsel of record listed below.

*s/ Matthew Menchel*
Matthew I. Menchel (Florida Bar No. 12043)

## **SERVICE LIST**

Michael R. Whitt
mwhitt@robinskaplan.com
Robins Kaplan LLP
711 Fifth Avenue South, Suite 201
Naples, Florida 34102

Martin R. Lueck
Thomas C. Mahlum
Jeffrey S. Gleason
Jamie R. Kurtz
William Bornstein
Anne M. Lockner
Randall Tietjen
Robins Kaplan LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
mlueck@robinskaplan.com
tmahlum@robinskaplan.com
jgleason@robinskaplan.com
jkurtz@robinskaplan.com
wbornstein@robinskaplan.com
alockner@robinskaplan.com
rtietjen@robinskaplan.com

*Attorneys for Plaintiffs UnitedHealthcare of Florida, Inc., and All Savers Insurance Company*