UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 16-cv-81180-Marra/Matthewman

UNITEDHEALTHCARE OF FLORIDA, INC.,
and ALL SAVERS INSURANCE COMPANY,

    Plaintiffs,

vs.

AMERICAN RENAL ASSOCIATES LLC,
et al.,

    Defendants.
_____/



## ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL DEFENDANTS TO SEARCH THREE ADDITIONAL CUSTODIANS [DE 421]

THIS CAUSE is before the Court upon Plaintiffs, UnitedHealthcare of Florida, Inc. and All Savers Insurance Company's ("Plaintiffs") Motion to Compel Defendants to Search Three Additional Custodians ("Motion") [DE 421[1]]. This matter was referred to the undersigned by United States District Judge Kenneth A. Marra. *See* DE 62. Defendants, American Renal Associates LLC and American Renal Management LLC ("Defendants") have also filed a Response [DE 430[2]], and Plaintiffs have filed a Reply [DE 437[3]]. The matter is now ripe for review.

In the Motion, Plaintiffs move for an Order requiring Defendant American Renal Associates LLC ("ARA") to search the documents of three additional custodians—Jeffrey

---

[1] There is also a sealed version of the Motion filed at Docket Entry 423-1.
[2] There is also a sealed version of the Response filed at Docket Entry 435-1.
[3] There is also a sealed version of the Reply filed at Docket Entry 441-1.

1

Lawhorn, Ashwin Patel, and James Dilts. [DE 421 at p. 1]. Plaintiffs contend that these three individuals are likely to have knowledge of information that proves ARA's culpability in the scheme alleged by Plaintiffs and that these individuals were involved in the conduct that is directly connected to Plaintiffs' claims. *Id.* at pp. 1-2. In the Motion, Plaintiffs cite to specific facts they have obtained through the discovery process to support their argument that the three custodians may have relevant information. *Id.* at pp. 1-4.

In response, Defendants argue that Plaintiffs' Motion is untimely and that Defendants have already collected and searched documents from 120 custodians. [DE 430 at p. 1]. Defendants further argue that Plaintiffs had not shown that the three individuals they are seeking documents from "are likely to possess responsive documents that have not already been produced through other custodians, as all three are high-ranking ARA employees with limited personal involvement in relevant issues." *Id.* Defendants contend that Plaintiffs' request "is not proportional to the needs of the case" and "would impose undue burden and expense on ARA." *Id.* Defendants assert that the proposed custodians "did not interact with a single patient at issue, are not identified on any disclosures, are not being deposed, and when United has long known of their existence and presented no new grounds to justify the additional burden." *Id.* at p. 2.

In reply, Plaintiffs argue that searching three additional custodians would not impose an undue burden on Defendants and that Defendants have moved to compel Plaintiffs to search additional custodians in the past. [DE 437 at p. 1]. Next, Plaintiffs maintain that they cannot prove that the three custodians definitively possess responsive documents because Plaintiffs have not yet had access to the custodians' documents. *Id.* at pp. 3-4. Finally, Plaintiffs contend that the three custodians unquestionably possess relevant information. *Id.* at pp. 4-5.

Upon careful review of the Motion, Response, Reply, and exhibits thereto, as well as the Court's prior Orders and the entire docket in this case, the Court finds that Plaintiffs have established a sufficient basis to seek documents from the three additional custodians. Plaintiffs have demonstrated that the custodians are likely to have relevant, responsive documents. Moreover, Defendants have not sufficiently established that the three individuals do not have such documents. Furthermore, in the context of this entire case in which all parties have searched extremely large numbers of custodians already, Defendants have not shown that they would suffer undue burden if required to search three additional custodians. Finally, upon consideration of the proportionality factors contained in Federal Rule of Civil Procedure 26(b)(1), the Court deems the request proportional.

Based on the foregoing, it is hereby **ORDERED** that the Plaintiffs' Motion to Compel Defendants to Search Three Additional Custodians [DE 421] is **GRANTED**. Defendants shall run search terms and produce responsive documents from Jeffrey Lawhorn, Ashwin Patel, and James Dilts within **twenty (20) days** of the date of this Order.

**DONE and ORDERED** in Chambers this 22nd day of March, 2018, at West Palm Beach, Palm Beach County in the Southern District of Florida.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE