UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 16-cv-81180-Marra/Matthewman

UNITEDHEALTHCARE OF FLORIDA, INC.,
and ALL SAVERS INSURANCE COMPANY,

    Plaintiffs,

vs.

AMERICAN RENAL ASSOCIATES LLC,
et al.,

    Defendants.
_____/



## ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO TAKE ADDITIONAL DEPOSITIONS [DE 428]

THIS CAUSE is before the Court upon Defendants, American Renal Associates LLC and American Renal Management LLC's ("Defendants") Motion for Leave to Take Additional Depositions ("Motion") [DE 428[1]]. This matter was referred to the undersigned by United States District Judge Kenneth A. Marra. *See* DE 62. Plaintiffs, UnitedHealthcare of Florida, Inc. and All Savers Insurance Company ("Plaintiffs"), have also filed a Response [DE 439[2]], and Defendants have filed a Reply [DE 446[3]]. The matter is now ripe for review.

The Court first notes that, in its Order dated February 5, 2018, it stated that "[a]lthough Defendants have not explicitly requested court permission to take additional depositions and have not provided argument in compliance with Rule 30 and the relevant case law, this Court will allow

---

[1] There is also a sealed version of the Motion filed at Docket Entry 434-1.
[2] There is also a sealed version of the Response filed at Docket Entry 443-1.
[3] There is also a sealed version of the Reply filed at Docket Entry 448-1.

1

Defendants five (5) calendar days from the date of this Order to file a motion seeking leave to take up to four additional depositions, if they wish to do so and if they meet the requirements of Rules 30(a)(2)(A)(i) and 26(b)(2)(C) and the applicable case law." [DE 418]. Defendants filed their Motion on February 12, 2018, within the time period required by the Court.

In the Motion, Defendants list four additional individuals whose depositions they wish to take. [DE 428 at pp. 1-2]. They argue that their request is justified and in compliance with Federal Rule of Civil Procedure 30. *Id.* at p. 2. Defendants also list the ten depositions they have already taken and the subject matter of each of those depositions. *Id.* at pp. 3-4.

In response, Plaintiffs argue that Defendants have no factual or legal basis for the additional four depositions. [DE 439 at p. 1]. Plaintiffs also contend that Defendants should not be permitted to take additional depositions when Defendants' misconduct was the basis for Plaintiffs being permitted to take additional depositions in the past; in other words, Plaintiffs do not believe that Defendants should be "rewarded for [their] own misconduct." *Id.* Plaintiffs assert that Defendants have not used their ten original depositions and cannot show that the depositions that have been taken or noticed were necessary. *Id.* at p. 2.

In reply, Defendants argue they have not engaged in misconduct, and, even if they had, the misconduct alone would not warrant denying their Motion. [DE 446, p. 1]. Defendants next contend that they are not required to use their first ten depositions before seeking leave to take additional depositions. *Id.* at p. 2. Defendants assert that they have justified the necessity of the depositions it has taken or intends to take. *Id.* at pp. 2-4. Finally, Defendants maintain that they have sufficiently justified the four additional depositions sought. *Id.* at p. 5.

Federal Rule of Civil Procedure 30 permits a party to take up to ten depositions without leave of court. If a party wishes to take *more* than ten depositions, she must seek leave of court. Fed.R.Civ.P. 30(a)(2)(A)(i). If a court grants a party leave to conduct more than ten depositions, it must do so in a manner consistent with Federal Rule of Civil Procedure 26(b)(2). Fed.R.Civ.P. 30(a)(2)(A)(i). Rule 26(b)(2)(C) requires the court to determine whether: (1) the additional discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" (2) "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action;" or (3) "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed.R.Civ.P. 26(b)(2)(C)(i)-(iii). Additionally, "[c]ourts have construed Rule 30(a)(2)(A) ... to require a party seeking leave of court to exceed the [ten]-deposition limitation to justify the necessity of each deposition *previously taken* without leave of court." *AIG Centennial Ins. Co. v. O'Neill*, No. 09–60551, 2010 WL 4116555, *16 (S.D.Fla. Oct. 18, 2010) (emphasis in original). "The Court has discretion to permit or deny the requested depositions." *Procaps S.A. v. Patheon Inc.*, No. 12-24356-CIV, 2015 WL 2090401, at *4 (S.D. Fla. May 5, 2015); *see also Madison v. Jack Link Assocs. Stage Lighting & Prods., Inc.*, 297 F.R.D. 532 (S.D. Fla. 2013).

Upon careful review of the Motion, Response, Reply, and exhibits thereto, as well as the Court's prior Orders and the entire docket in this case, and after applying the applicable law, the Court finds that Defendants should be permitted to take the four additional depositions requested in their Motion. Additionally, the Court takes into consideration the fact that the Court previously

allowed Plaintiffs to take four additional depositions and provided Defendants with the opportunity to request additional depositions in its February 5, 2018 Order [DE 418]. Moreover, the discovery deadline in this case had not yet been reached when the Motion was filed, and the trial is set for October 29, 2018, see DE 351. In sum, based upon all of the facts of this case, the applicable rules and law, and in the interest of justice, the Court shall provide Defendants with the opportunity to take four additional depositions as they have met their burden under Rule 30 and the relevant case law, and this is clearly not a situation where any party is lacking in the resources to take and/or defend additional depositions. None of the parties in this case will be prejudiced by this ruling.

Based on the foregoing, it is hereby **ORDERED** that the Defendants' Motion for Leave to Take Additional Depositions [DE 428[4]] is **GRANTED**. Defendants may depose the individuals listed in their Motion on or before April 20, 2018.[5]

**DONE and ORDERED** in Chambers this 22nd day of March 2018, at West Palm Beach, Palm Beach County in the Southern District of Florida.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[4] There is also a sealed version of the Motion filed at Docket Entry 434-1.
[5] The Court recognizes that the discovery cut-off was February 20, 2018. However, since the Motion was filed prior to that date, the Court will permit an extension of the discovery cut-off through April 20, 2018, for purposes of taking these depositions. Defendants shall promptly notice these four additional depositions and shall complete them on or before April 20, 2018.